FILED & JUDGMENT ENTERED
Steven T. Salata

June 25 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | |
| ACE MOTOR ACCEPTANCE ) | Case No. 18-30426 |
| CORPORATION, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ACE MOTOR ACCEPTANCE ) | |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 18-3036 |
| v. ) | |
| ) | |
| MCCOY MOTORS, LLC, MCCOY ) | |
| MOTORS, LLC d/b/a RIDE FAST; ROBERT ) | |
| MCCOY, JR. and MISTY MCCOY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER CONCERNING INTERIM SERVICING OF ACCOUNTS OF VEHICLE BUYERS; AND**
**ORDER SETTING HEARING ON PRELIMINARY INJUNCTION**

THIS MATTER came before the Court on June 21, 2018 on the following: Emergency Motion for Preliminary Injunction, 11 U.S.C. Section 105, Bankruptcy Rule 7065; Emergency Motion for Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; Bankruptcy Rule 7064; Attachment; Emergency Motion for Injunction of Defendants from Pursuing Car Masters Litigation; Emergency Motion for Injunction of Defendants from Pursuing Criminal Complaint; and Emergency Motion for Imposition of Constructive Trust (the "Motions"). The Debtor was represented by James Henderson and the Defendants were represented by Kristin Lang ("Lang").

Having considered the record herein, including the Verified Complaint, and the arguments of counsel, it is

ORDERED as follows:

1. As a result of today's proceedings and under current order of the Court, the accounts of Vehicle Buyers[1] will be serviced by McCoy Motors, LLC ("McCoy LLC"). McCoy LLC is solely responsible for the collection of said monies.

2. Commencing June 22, 2018, the Debtor (if Debtor receives any such monies or insurance checks and the like) and McCoy LLC shall provide each other with complete, accurate and current data concerning collections of the Vehicle Buyer accounts, on a daily basis, pending further order of this Court. In order for McCoy LLC to post daily such payments, Debtor must return the access previously provided to McCoy LLC in order for payments to be timely posted to Debtor's servicing account system.

3. Any payments posted by McCoy LLC for servicing payments of Vehicle Buyers on or after June 21, 2018 shall be paid over to Lang on a daily basis (if received on a daily basis during regular business hours), and shall be held in an escrow account maintained by Lang pending further order of this Court. Lang shall establish a separate bank escrow account ("Lang Escrow Account") solely for the purpose of collecting said monies from McCoy pursuant to this order. Furthermore, if Debtor receives any such monies or insurance checks and the like after June 21, 2018, Debtor shall remit such payments into the Lang Escrow Account.

4. Neither the Debtor nor McCoy LLC, or the employees or agents thereof, will repossess, caused to be repossessed or threaten to repossess the automobile of any Vehicle Buyer, pending further order of this Court.

5. McCoy LLC shall by no later than Wednesday, June 27, 2018, provide the Court with a complete, accurate and current accounting of account activity for all Vehicle Buyer accounts since May 1, 2018.

6. McCoy LLC will contact the York County Sheriff's Office regarding the criminal complaint it made to such office regarding the removal of vehicles from McCoy's property and shall disclose to said York County Sheriff's Office that said matter is considered closed on McCoy's part.

7. By no later than end of business on June 25, 2018, McCoy LLC shall dismiss the four (4) lawsuits filed against Car Masters in the Gaston County District Court, and provide written evidence of such dismissals to counsel for the Debtor. The three (3) motor vehicles which are the subject of the Gaston County litigation shall be stored with Manheim Auto Auction in Statesville, NC, pending further order of the Court, and no storage fees shall accrue to McCoy LLC. In addition, Debtor acknowledged that there were a total of twenty-three (23) vehicles (including the aforementioned three (3)) and such remaining twenty (20) vehicles shall also be stored with

---

[1] "Vehicle Buyers" are the Buyers of automobiles from McCoy LLC (and/or Ride Fast) pursuant to a) Retail Installment Contracts or similar financing instrument, which have been purchased by and assigned to the Debtor; or b) financed under the Floorplan agreement with the Debtor.

Manheim Auto Auction in Statesville, NC, pending further order of the Court, and no storage fees shall accrue to McCoy LLC.

8. McCoy LLC shall account for any funds from the collection of Vehicle Buyer accounts which are in the possession or control of McCoy LLC as of June 21, 2018 and McCoy LLC shall not spend those funds pending further order of this Court.

9. The Defendant (through counsel) shall file written responses to the Motions by no later than July 9, 2018.

10. The hearing on the Motions and the Court's consideration of a preliminary injunction will be held on July 11, 2018 at 9:30 a.m.

11. McCoy LLC has the right to contact Debtor regarding the purchase of vehicles and/or titles as selected by McCoy LLC and Debtor shall promptly respond with a current written payoff statement, from which then, McCoy LLC shall provide certified funds for payment of such titles and at such time that payment is made, Debtor shall tender a clear title to McCoy LLC.

12. With respect to GPS locator access (through a company called PassTime), Debtor terminated McCoy LLC's rights to access such locators. Given that McCoy LLC shall be responsible for collection/servicing payments, said access shall be promptly returned to McCoy LLC by Debtor after the issuance of this Court order.

13. The debtor shall provide all vehicle buyers with a copy of this court order upon entry.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court