## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ACE MOTOR ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | Adversary Proceeding No. 18-3036 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY, JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDMENT TO VERIFIED COMPLAINT

ACE MOTOR ACCEPTANCE CORPORATION (the "Debtor"), the Plaintiff and Debtor herein, pursuant to Bankruptcy Rule 7015 and Rule 15 of the Federal Rules of Civil Procedure, files this First Amendment to Verified Complaint to add the following:

## EIGHTEENTH CLAIM FOR RELIEF
### *(Abuse of Process)*

326.     The Debtor re-alleges all preceding paragraphs of the Verified Complaint and incorporates them herein.

327.     In or around late June, 2018, after the filing of the Complaint against the Defendants, the Defendant McCoy filed a grievance against Debtor's counsel with the North Carolina State Bar (the "Grievance"). A copy of the Grievance is attached hereto as Exhibit X.

328.     The filing of the Grievance is a "legal process" as that term is commonly defined.

329.     There were and are no good faith grounds for the filing of the Grievance.

330.     Defendant McCoy filed the Grievance with an ulterior motive or purpose, to wit to gain an advantage on the Debtor in this adversary proceeding.

331.    The filing of the Grievance was  an act in the use of the legal process not proper in the regular prosecution of a proceeding such as this adversary proceeding.

332.    Defendant McCoy's true purpose in filing the Grievance was not to seek legitimate relief but to harass, embarrass and annoy the Debtor and Debtor's Counsel, and to cause the Debtor to incur expenses for the defense of the Grievance.

333.    Defendant McCoy's filing of the Grievance was a wilful act which is not proper in the regular course of an adversary proceeding such as this.

334.    The Debtor has been damaged as a result of Defendant McCoy's conduct set forth above, in an amount to be determined at trial.

This 10th day of July, 2018.

**THE HENDERSON LAW FIRM**

 /s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28202-2826
Telephone:    704.333.3444
Facsimile:    704.333.5003
Email:    henderson@title11.com

# The North Carolina State Bar
Office of Counsel

217 E. Edenton Street (27601)
Post Office Box 25908
Raleigh, North Carolina 27611
Telephone (919) 828-4620
Fax: (919) 834-8156
Web: www.ncbar.gov

July 2, 2018

**LETTER OF NOTICE**

Mr. James H. Henderson
1201 Harding Place
Charlotte, NC 28204

Re:   Grievance filed by Robert 2 McCoy
      Our file number: 18G0655

Dear Mr. Henderson,

This is to advise that a grievance alleging misconduct on your part as an attorney was received in this office from the above-named individual. To assist you in preparing a response to this letter, I am enclosing the "Substance of the Grievance." It is not a pleading of any sort but is simply a summary of what appears to be the basis of the grievance.

Under 27 N.C. Admin. Code, Chapter 1, Subchapter B, Rule .0112(c) of the Discipline and Disability Rules of The North Carolina State Bar, you are required to submit a written response to this letter within 15 days of the date the letter is served upon you. Such response must be a full and fair disclosure of all of the facts and circumstances pertaining to your alleged misconduct. If you fail to respond within 15 days, the Chairman of the Grievance Committee may proceed under Rule .0112(f).

**Under Rule .0112(d), a copy of your response may be provided to the complaining party unless you object thereto in writing. Please note your objection in your written response to the grievance.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT REGINA J. WHEELER THE STAFF ATTORNEY ASSIGNED TO YOUR FILE AT (919) 828-4620.**

Please give this matter your immediate attention.

Sincerely,

Katherine E. Jean
Counsel

KEJ/jr
Enclosure

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

## SUBSTANCE OF THE GRIEVANCE

**File Number:**   18G0655                    **Date Received:**     27 June 2018

**Respondent Attorney at Law**          **Complainant**
James H. Henderson                      Robert McCoy
1201 Harding Place                      11915 John K. Hall Way
Charlotte NC  28204                     Charlotte, NC 28277

---

**The Substance of the Grievance:**
You represent Ace Motor Acceptance Corporation ("AMAC").  AMAC purchased retail
installment contracts from McCoy Motors and/or Ride Fast.  You sent letters during the
week of 11 June 2018 to over 100 consumers who are debtors of AMAC because they
were a party to one of these contracts.  In the letters, you directed the debtors to continue
to make payments to AMAC pursuant to prior notices, even though AMAC is in
bankruptcy.  You further directed the debtors not to make payments to McCoy
Motors.  Your letters to the debtors did not comply with the Fair Debt Collection
Practices Act.

**Violations of RPC Indicated:**
Rules 4.1 and 8.4(d)

**The North Carolina State Bar**
Office of Counsel

Post Office Box 25908
Raleigh, North Carolina 27611
Telephone (919) 828-4620
Fax: (919) 834-8156
Web: www.ncbar.gov

## WHAT TO EXPECT IN THE DISCIPLINARY PROCESS

The attorney disciplinary process in North Carolina begins when a grievance is filed with the State Bar. A grievance is an allegation that the conduct of an attorney licensed to practice law in North Carolina has violated one or more of the Rules of Professional Conduct, the rules that govern attorney conduct. The State Bar's Grievance Committee evaluates grievances to determine whether a lawyer has violated those Rules and, if so, imposes appropriate discipline or refers the matter for a trial. The Rules of Professional Conduct can be found at the State Bar's website, www.ncbar.gov.

The Grievance Committee opens approximately 1400-1500 files a year. Every grievance is assigned to a staff attorney in the State Bar's Office of Counsel. The person who files the grievance is called "the complainant." The form for filing a grievance is available at the State Bar's website. The complainant **must** provide all information he or she believes the Grievance Committee should consider. The staff attorney **will not** call the complainant to see if the complainant has additional information that was not provided. The complainant will receive a letter acknowledging that the State Bar received the grievance. The letter will identify the grievance file number and the staff attorney assigned to the grievance.

In the initial evaluation, the staff attorney will make a determination whether the complainant's allegations, assumed at this stage to be true and provable, constitute a violation of the Rules of Professional Conduct. When the allegations, if true and provable, would not constitute a Rule violation, the grievance must be dismissed because the Grievance Committee has no authority to take action unless there is a violation of the Rules of Professional Conduct. When the allegations, if true and provable, would constitute a violation of the Rules of Professional Conduct, the staff attorney ordinarily sends a Letter of Notice to the lawyer complained about, who is called "the respondent." The Letter of Notice is accompanied by a Substance of Grievance detailing the allegations of professional misconduct and identifying the Rules implicated by the allegations. The respondent must provide a written response to the Letter of Notice within 15 days of receipt of the Letter of Notice. The last paragraph of the Letter of Notice identifies the staff attorney who is handling the grievance.

**All communications by the complainant or the respondent with the State Bar should be directed to the staff attorney assigned to the grievance, not to the person who signed the letter, and should reference the file number so the grievance can readily be located.**

When the staff attorney receives the respondent's response, the staff attorney will determine whether he or she has enough information to understand what happened in the case. If necessary, the staff attorney will conduct further inquiry. Further inquiry is not always necessary. In many cases, the staff attorney can fully understand the necessary facts from reviewing the grievance and the response and any documents provided by the complainant and the respondent. In some cases, a small amount of additional information is needed. In cases involving very complicated facts or facts which are difficult to locate, extensive information gathering is required. There are cases in which the Grievance Committee must wait for outside events to occur before acting on the grievance. One example of this is when a pending court case must be concluded before the grievance can be addressed.

When the appropriate review is completed, the staff attorney will write a Report of Counsel to the Grievance Committee. The grievance will then be reviewed by the Chair or by the Chair and a Vice Chair of the Committee. In evaluating the grievance, the Chair or the Chair and Vice Chair must keep in mind that any violation of the Rules of Professional Conduct must be proven by **clear, cogent and convincing evidence**. If the Committee determines that the evidence is not sufficient to prove a Rule violation, the Chair or the Chair and Vice Chair will dismiss the grievance. The complainant and the respondent will be notified in writing of the Chair or the Chair and Vice Chair's decision. There is no appeal of the dismissal of a grievance.

If the Chair or the Chair and Vice Chair conclude the evidence is sufficient to prove a Rule violation, the grievance will be placed on an agenda for consideration at one of the State Bar's quarterly meetings. The meetings occur in January, April, July and October. At the quarterly meeting, the grievance will be assigned to one of three subcommittees. Each subcommittee will meet separately, consider the grievances before it, and make its recommendations to the full Committee. The full Committee will then evaluate the grievance and determine whether the evidence is sufficient to prove a Rule violation. Unless and until the Grievance Committee imposes public discipline, identified below, information concerning the existence of a grievance is confidential.

Katherine E. Jean, Counsel
A. Root Edmonson, Fern Gunn Simeon, David R. Johnson, Jennifer A. Porter, Margaret T. Cloutier,
Carmen Hoyme Bannon, Brian P. D. Oten, Leanor Bailey Hodge, Barry S. McNeill, Mary Winstead,
G. Patrick Murphy, Susannah B. Cox, Joshua T. Walthall, Regina Jay Wheeler - Deputy Counsel
Peter G. Bolac - Trust Account Compliance Counsel

The Grievance Committee can take any of the following actions:

    a. Dismiss the grievance;
    b. Issue a Letter of Caution (the conduct is not consistent with accepted standards of professionalism but is not technically a violation of the Rules of Professional Conduct);
    c. Issue a Letter of Warning (the conduct is a minor, unintentional or technical violation of the Rules);
    d. Issue an Admonition (this is permanent discipline but is not published);
    e. Issue a Reprimand (this is permanent discipline sent to the attorney's local newspaper and published on the State Bar website);
    f. Issue a Censure (this is permanent discipline sent to the attorney's local newspaper, published on the State Bar website and sent to the state and federal courts in North Carolina);
    g. Refer the lawyer to the Lawyers Assistance Program (this is a program intended to help a lawyer with substance abuse or mental health issues);
    h. Refer the case to the Disciplinary Hearing Commission ("DHC") for trial (this happens in a small percentage of cases when the Grievance Committee believes the conduct is serious enough that the lawyer's license to practice law should be suspended or the lawyer should be disbarred from practicing law).

Other than in cases referred to the DHC for trial, the Grievance Committee can impose discipline directly.

If the grievance is referred for trial, the staff attorney will file a civil action with the DHC and the case will proceed according to the State Bar's Discipline and Disability Rules and the North Carolina Rules of Civil Procedure. The DHC will hold a hearing and enter an order imposing discipline or dismissing the case. Appeal from an order of the DHC is to the North Carolina Court of Appeals.

For further details, please review Roadmap of the Disciplinary Process at this link: https://www.ncbar.gov/lawyer-discipline/roadmap-of-the-disciplinary-process/

**What the State Bar CANNOT do:**

The State Bar **cannot** order a lawyer to pay money to anyone.

The State Bar **cannot** give anyone legal advice.

The State Bar **cannot** give an advisory opinion about whether a lawyer violated a Rule.

The State Bar **cannot** intervene in a pending court action or remove an attorney from a case.

The State Bar **cannot** determine whether a lawyer committed malpractice. A person who believes he or she has suffered damages because of legal malpractice should not wait for the Grievance Committee's action before deciding whether to pursue an independent malpractice claim in the court system.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served the attached **AMENDMENT TO VERIFIED COMPLAINT** via ECF via to all parties or their attorney of record requesting notice and via email to the following:

Robert McCoy, Jr.
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoy@comporium.net.

Kristin Harmon Lang, Esq.
Lang Law Firm, P.C.
2435 Plantation Center Drive, Suite 205
Matthews, North Carolina 28105
kharmonlang@gmail.com

This 10th day of June, 2018.

**THE HENDERSON LAW FIRM**

 /s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28202-2826
Telephone:        704.333.3444
Facsimile:        704.333.5003
Email:            henderson@title11.com