# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re:<br><br><br>ACE MOTOR ACCEPTANCE<br>CORPORATION,<br><br>         Debtor.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-30426<br>Chapter 11 |
| ACE MOTOR ACCEPTANCE<br>CORPORATION,<br><br>         Plaintiff,<br><br>v.<br><br>MCCOY MOTORS, LLC,<br>MCCOY MOTORS, LLC d/b/a<br>RIDE FAST; ROBERT MCCOY,<br>JR. and MISTY MCCOY,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding No. 18-03036<br>3:18-ap-3036<br><br>DEFENDANT, ROBERT MCCOY, JR.<br>PRO SE RESPONSE TO FIRST<br>AMENDMENT TO VERIFIED COMPLAINT |

NOW COMES the Defendant, ROBERT MCCOY, JR. AS PRO SE ("Defendant"), in this action who hereby responds specifically to the First Amendment to Verified Complaint ("Complaint") as follows:

326.    Defendant lacks sufficient knowledge regarding the statement contained in paragraph 326 of the Complaint.   Defendant doesn't have the legal acknowledge to the "re-alleges", however it is my belief that this Complaint doesn't apply to Debtor or any other Defendants as I personally believe Debtor's counsel broke the law. Therefore, I believe this should not be part of this proceeding.

327.    Defendant admits the allegation contained in paragraph 327 of Complaint. Yes, Defendant did file a grievance with the NC State Bar because I felt the attorney had violated the FDCPA "Section 807(11) of the FDCPA." A copy of said letter (by way of example) mailed out by Attorney Henderson is attached as Exhibit "A."

328. Defendant lacks sufficient knowledge regarding the allegation contained in paragraph 328 of the Complaint. Defendant has no knowledge of legal terms or how they are commonly defined.

**329.** Defendant denies the allegation contained in paragraph 329 of the Complaint. Defendant with over 20 years in the auto/finance industry believes there were good faith grounds and apparently so does the State Bar because they added "Rules 4.1 and 8.4(d)" to the possible violations; which Defendant had no knowledge of until Debtor's counsel supplied a copy of the Grievance via his filing of this First Amendment to Verified Complaint, which per page 5 of the Exhibit X filed in connection with this First Amendment, is contrary to the last sentence of said page 5 of Exhibit X – **which states "Unless and until the Grievance Committee imposes public discipline, identified below, information concerning the existence of the grievance is confidential." [emphasis added].**

330. Defendant denies the allegation contained in paragraph 330 of the Complaint. Defendant has no idea how counsel can read my mind (obviously Counsel is stating an opinion he cannot prove) but I do believe Counsel's actions lowered the value of the Bankruptcy Estate and the Contracts. However, if Counsel wants to make that argument I would say Counsel sending said letter (Exhibit "A" herein) was to "gain an advantage" also.

331. Defendant denies the allegation contained in paragraph 331 of the Complaint. Defendant has no idea what is "proper" in the legal process and what is not, however I would think counsel potentially violating multiple sections of the **FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)** would have little to do with his clients filing of bankruptcy, in my opinion.

332. Defendant denies the allegation contained in paragraph 332 of the Complaint. Defendant denies the statement by Debtor's Counsel of my "true purpose in filing the Grievance." However, it is my understanding these filings generally stay private except under very rare situations, so if Counsel feels embarrassed it was his own doing to make this matter public. To Counsel's next point of to cause Debtor to incur expenses, I am not sure why the Debtor would be responsible for these expenses. I would think if Counsel allegedly broke conduct, law or rules etc. in this situation Counsel did so of his own free will and that is not his client's fault.

333. Defendant denies the allegation contained in paragraph 333 of the Complaint. Again, Defendant denies knowing what is legally "proper". But Counsel did send this letter (Exhibit "A") out before the adversary proceeding, however even though customers were telling me about it I did not receive a copy for about a week or two later. Because of my experience, I thought it was likely a violation of FDCPA as soon as I saw it. I choose to let the experts make that decision. I suppose if Counsel would have preferred I could have filed a claim for lowering the value of the Contracts.

334. Defendant denies the allegation contained in paragraph 334 of the Complaint. Again, how could Debtor possibly be damaged by a Grievance filed against Debtors Counsel?

If Counsel believes Debtor has been hurt, it would be by Debtor's own Counsel for making this matter Public. However, I do believe Counsel's original letter (Exhibit "A") hurt the Bankruptcy Estate and Defendant; therefore, if an amount of damages is to be considered it should be what Debtor was damaged (unless they approved the letter) and to what extent Defendant was damaged, if any.

### PRAYER FOR RELIEF:

1.      That the First Amendment to the Verified Complaint be dismissed and the Plaintiff recover nothing by way of its Claim(s).

2.      For such other and further relief as the Court deems just and proper in law and equity.

3.      That the costs of this action and legal fees be taxed against whom the Court deems proper.

Respectfully submitted, this 14th day of July 2018.

ROBERT MCCOY, JR.
Pro Se Defendant
11915 JOHN K HALL WAY
CHARLOTTE, NC 28277
(803) 577-9779
Email:  RobMcCoy@comporium.net



# The Hender son Law Firm

1201 HARDING PLACE
CHARLOTTE, NORTH CAROLINA 28204

TELEPHONE
704.333.3444

JAMES H. HENDERSON †
HENDERSON@TITLE11.COM

June 12, 2018

Dear AMAC Customer,

I represent Ace Motor Acceptance Corporation ("AMAC") in connection with a Chapter 11 bankruptcy case, pending in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, as Case No. 18-30426.

I am writing to you regarding the automobile you purchased from McCoy Motors and/or Ride Fast. AMAC previously purchased your retail installment contract from the dealer. AMAC previously supplied you with a copy of the purchased contract, along with written notice dated 5/17/18. Additionally, a second written notice was mailed to you by AMAC stating that **McCoy Motors LLC and Ride Fast are no longer authorized to accept any of your payments.** You should not make do not make any further payments to the dealer directly or indirectly, because your contract belongs to AMAC, and AMAC cannot guarantee any payments made to the dealership will be credited to your account.

AMAC being in a bankruptcy proceeding has nothing to do with the proper application of your payments, and any suggestion otherwise by McCoy Motors is contrary to the U.S. Bankruptcy Code. If you have any questions or concerns, please contact me at my email address above. Unfortunately, due to fact that I work alone means that I won't be able to answer telephone calls.

Sincerely,

## The Henderson Law Firm

/s/ Jim Henderson

† Certified Specialist in Business and Consumer Bankruptcy Law · North Carolina State Bar · American Board of Certification

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the attached DEFENDANT'S REPLY TO FIRST AMENDMENT TO VERIFIED COMPLAINT to the Debtor's attorney of record via email and via ECF through McCoy Motors, LLC's attorney of record, as follows:

James H. Henderson, Esq.

henderson@title11.com

This the 14th day of July 2018.

ROBERT MCCOY, JR.
Pro Se Defendant

11915 John K. Hall Way
Charlotte, NC 28277
(803) 577-9779
Email: RobMcCoy@comporium.net