```
                                    FILED
                            U.S. BANKRUPTCY COURT
                            WESTERN DISTRICT OF NC

                            '18 OCT -9  A9:55

                            STEVEN T. SALATA, CLERK
                            BY:_____CLH_____
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-30426 |
| | ) | Chapter 11 |
| ACE MOTOR ACCEPTANCE | ) | |
| CORPORATION, | ) | Adversary Proceeding No. 18-03036 |
| | ) | |
| Debtor, | ) | |
| | ) | DEFENDANT, ROBERT MCCOY, JR. PRO SE |
| ACE MOTOR ACCEPTANCE | ) | RESPONSE TO VERIFIED COMPLAINT |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC; MCCOY | ) | |
| MOTORS, LLC, d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY, JR.; AND | ) | |
| MISTY MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES the Defendant, ROBERT MCCOY, JR. AS PRO SE ("Defendant"), in this action who hereby responds specifically to the Plaintiff Debtor's ("Plaintiff") Complaint as follows:

1.  Defendant lacks sufficient knowledge regarding the allegation contained in paragraph 1 of Plaintiff's Complaint.

2.  Defendant admits the allegation contained in paragraph 2 of Plaintiff's Complaint.

3.  Defendant admits the allegation in paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits the allegation contained in paragraph 4 of Plaintiff's Complaint.

5. Paragraphs 5, 6, 7 and 8 are legal conclusions, which requires no response. To the extent a response is required, the same is denied.

6. Defendant lacks sufficient knowledge regarding the allegation contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant lacks sufficient knowledge regarding the allegation contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks sufficient knowledge regarding the allegation in paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks sufficient knowledge regarding the allegation in paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 is a legal conclusion, which requires no response. To the extent a response is required, the same is denied.

11. Defendant partially admits the allegations contained in paragraphs 11-15 of Plaintiff's Complaint with the exception regarding the validity and/or enforceability of said "Agreements" and "Guarantee(s)".

12. Defendant denies the allegations contained in paragraphs 16, 17, 18 of Plaintiff's Complaint.

13. Defendant denies the allegation contained in paragraph 13 of Plaintiff's Complaint for the reasons stated above.

14. Defendant denies the allegation contained in paragraph 19 of Plaintiff's Complaint.

15. Paragraphs 20-22 are legal conclusions, which requires no response. To the extent a response is required, the same is denied.

16. Paragraph 23 is a legal conclusion, which requires no response. To the extent a response is required, the same is denied. Defendant denies that the "Contracts" were terminated properly by the Debtor.

17. Regarding Paragraphs 24, 25, 26, and 27, contained in Plaintiff's Complaint, Defendant denies the allegations; however, said matters have been temporarily resolved by Order of the Court issued June 25, 2018 (copy attached as Exhibit "A").

18. Defendant partially admits the allegations contained in paragraphs 28-31 of Plaintiff's Complaint with the exception regarding the validity and/or enforceability of said Agreements.

19. Defendant admits the allegations contained in paragraphs 32-33 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

21. Paragraph 35 is a legal conclusion, which requires no response. To the extent a response is required, the same is denied.

22. Defendant lacks sufficient knowledge regarding the allegations in paragraphs 36-37 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraphs 38-40 of Plaintiff's Complaint.

24. Defendant partially admits the allegations contained in paragraphs 41 of Plaintiff's Complaint with the exception that Defendant contends that Debtor is at a maximum to one-half of said value of contracts and lacks sufficient knowledge regarding the allegation and which specific titles and payments that Debtor is claiming.

25. Defendant denies the allegations contained in paragraphs 42 of Plaintiff's Complaint.

26. Defendant admits the allegation contained in paragraph 43 of Plaintiff's Complaint.

27. Defendant lacks sufficient knowledge regarding the allegations in paragraph 44 of Plaintiff's Complaint.

28. Defendant admits the allegations contained in paragraphs 45-48 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraphs 49 of Plaintiff's Complaint and offers text messages on Exhibit "B" as proof that Debtor was in fact the one disabling the GPS systems.

30. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

31. Defendant lacks sufficient knowledge regarding the allegations in paragraph 51 of Plaintiff's Complaint.

32. Defendant partially admits the allegations contained in paragraphs 52-53 of Plaintiff's Complaint with the exception that Defendant contends that

Debtor is not entitled to sell said Contracts and Agreements because Defendant contends that they own one-half of said value of contracts.

33. Defendant partially admits the allegations contained in paragraph 54 of Plaintiff's Complaint in that Defendant communicated with John Donaldson; however, Defendant takes exception to the allegations regarding motivation.

34. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint and requests that the Court determine said dollar amounts.

35. Defendant partially admits the allegations contained in paragraph 56 of Plaintiff's Complaint with the exception regarding the validity and/or enforceability of said Agreements.

36. Defendant partially admits the allegations contained in paragraph 57 of Plaintiff's Complaint with respect to receiving said Notice of Default; however, denies the past due dollar figure allegation and requests that the Court determine said dollar amounts.

37. Defendant partially admits the allegations contained in paragraphs 58-60 of Plaintiff's Complaint with respect to receiving said Notice of Default; however, denies that Defendant was in breach.

38. Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

39. Defendant admits the allegations contained in paragraph 62 of Plaintiff's Complaint with respect to the fact that Debtor made such demand(s).

40. Defendant admits the allegations contained in paragraph 63 of Plaintiff's Complaint but denies that Debtor had the right to make such acceleration, as such right should be determined by the Court.

41. Defendant partially admits the allegations contained in paragraphs 64-66 of Plaintiff's Complaint but denies the right of Debtor to enforce said provisions.

42. Defendant admits the allegations contained in paragraphs 68-69 of Plaintiff's Complaint.

43. Defendant lacks sufficient knowledge regarding the allegations in paragraph 70 of Plaintiff's Complaint and denies the allegation(s) of default.

44. Defendant admits the allegations contained in paragraph 71 of Plaintiff's Complaint.

45.    Defendant partially admits the allegations contained in paragraph 72 of Plaintiff's Complaint with respect to receiving said email Notice; however, denies that the Debtor had the right to terminate said servicing rights.

46.    Defendant admits the allegation contained in paragraphs 73-76 of Plaintiff's Complaint.

47.    Defendant denies the allegations contained in paragraphs 77-78 of Plaintiff's Complaint.

48.    Defendant partially admits the allegations contained in paragraph 79 of Plaintiff's Complaint with respect to receiving said notice; however, denies that the Debtor owns 100% of the Contracts.

49.    Defendant partially admits the allegations contained in paragraph 80 of Plaintiff's Complaint with respect to receiving said notice; however, denies that the Debtor had the right to terminate said servicing rights and request a determination of such by said Court.

50.    Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint as such determination of what constitutes property of the bankruptcy estate is a proper determination of said Court.

51.    Defendant partially admits the allegations contained in paragraph 82 of Plaintiff's Complaint with respect to sending said text message; however, denies and disputes the allegation of said lack of authority by the Debtor.

52.    Defendant admits the allegation contained in paragraph 83 of Plaintiff's Complaint.

53.    Defendant denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

54.    Defendant partially admits the allegations contained in paragraph 85 of Plaintiff's Complaint with respect to making a statement regarding the blocked GPS access; however, the Debtor blocked GPS access for the Defendant to *ALL [emphasis added]* vehicles, not just the ones defined as "Repossessed Vehicles."

55.    Defendant admits the allegations contained in paragraphs of 86-87 Plaintiff's Complaint.

56.    Defendant denies the allegations in paragraphs 88-90; however, said matters have been resolved by Order of the Court issued June 25, 2018.

57.    Defendant denies the allegations contained in paragraph 91 of Plaintiff's Complaint.

58. Defendant partially admits the allegations contained in paragraph 92, that the Debtor has repeatedly demanded payments from the Defendant; however, Defendant denies the right of Debtor to such demands due to the disputes regarding the underlying Agreements.

59. Defendant denies the allegations contained in paragraphs 93-94 of Plaintiff's Complaint; however, said matters have been resolved by Order of the Court issued June 25, 2018.

60. Defendant lacks sufficient knowledge regarding the allegations in paragraph 95 of Plaintiff's Complaint.

61. Defendant admits the allegations contained in paragraph 96 of Plaintiff's Complaint.

62. Defendant lacks sufficient knowledge regarding the allegations in paragraphs 97- 99 of Plaintiff's Complaint due to the fact that Defendant cannot have knowledge of phone calls Debtor's counsel may or may not have received and furthermore, said email excerpts are not listed as Exhibits but are only inserted in the Complaint.

63. Defendant denies the allegations contained in paragraph 100 of Plaintiff's Complaint due to the fact that said communications allegedly from Vehicle Buyers stemmed from Debtor's counsel's aforementioned letter and not Defendant.

64. Defendant denies the allegations contained in paragraphs 101-104 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in paragraph 105 of Plaintiff's Complaint with respect to being in default and furthermore, Defendant considers said statement "... the Defendants are engaging in similar conduct with respect to their contracts with those other companies" of which no evidence nor names of "other companies" was provided and considers such statements as slanderous, false, misleading and inflammatory with the intention to cloud the true underlying legal issues before this Court.

66. Defendant denies the allegations contained in paragraph 106 of Plaintiff's Complaint; however, said matters were resolved by Court Order issued June 25, 2018.

67. Defendant denies the allegations contained in paragraphs 107-108 of Plaintiff's Complaint.

68. Defendant lacks sufficient knowledge regarding the allegations in paragraphs 109-112 of Plaintiff's Complaint due to the fact that Defendant cannot

speak to the Debtor's ordinary course of business dealings or which companies Debtor may or may not have used in the past for GAP insurance nor of any profit strategies or dealer awareness.

69.  Defendant denies the allegations contained in paragraph 113, and requests that Debtor provide an example of how the dealer made a profit of "... marking up the GAP products..." when the Debtor sets such pricing.

70.  Defendant denies the allegations contained in paragraph 114 of Plaintiff's Complaint.

71.  Defendant denies the allegations contained in paragraph 115 of Plaintiff's Complaint.

72.  Defendant admits the allegations contained in paragraphs 116-117 of Plaintiff's Complaint.

73.  Defendant denies the allegations contained in paragraph 118 of Plaintiff's Complaint.

74.  Defendant denies the allegations contained in paragraphs 119-120 of Plaintiff's Complaint due to the specific language contained in the GAP Addendum which is in part as follows:

*The GAP contract states **"TERMINATION OF ADDENDUM"** This **Addendum** will terminate on the earlier date that one of the following events occurs: 1) the date **Your Financing Contract** is scheduled to terminate; 2) upon payment in full of the **Financing Contract;** 3) expiration of any redemption period following the repossession or surrender of the **Collateral;** 4) in the event of a **Constructive Total Loss** or theft of the **Collateral;** or 5) the date the **Financing Contract** is prepaid or the **Financing Contract** is refinanced.*

*To address the repossession, 3; in both NC and SC the "right to redemption" is 10 days and the vehicle must be paid off in full. So the Gap Company seems to be saying after the 10 days the Gap Addendum is terminated. Also if the vehicle is paid in full GAP should be canceled because the consumer no longer needs the product. To address the titling issue please see 5; If there is a titling issue then the Debtor will obviously will not be the lienholder, therefore the contract must me re-contracted or refinanced again terminating the GAP contract.*

*Also, on the GAP contract **"YOUR RIGHT TO CANCEL"** ... "In the event of a cancellation, the **Financial Institution/Lender** will be named as payee on all refunds and sole payee on a repossession refund."*

Once the Dealer pays off the Debtor, the dealer then becomes the Financial Institution; therefore, all refunds are due to the dealer, including the unused portion(s) received by the GAP Company and the Debtor.

By way of an illustrative example,

GAP Refund Example:

Customer pays $399.00 to Debtor for GAP coverage and finances the underlying vehicle for 36 months, then, Customer defaults on the vehicle loan after 3 months, and the vehicle is repossessed. The pro-rata refund due to the Customer is $365.76 ($399.00 divided by 36 x 33 (remaining months).

Since dealer paid off Debtor when dealer bought the Contract, so the dealer is the one who is DUE the remaining GAP premium which should be credited to the Customer's account.

75. Defendant admits the allegations contained in paragraph 121 of Plaintiff's Complaint with respect that they are seeking GAP refunds; however, Defendant believes that Debtor is liable to Defendant for said refunds.

76. Defendant admits the allegations contained in paragraph 122 of Plaintiff's Complaint with respect to being the party to cancel the GAP protection; however, the Debtor still owes their portion of the GAP funds per the Addendum to the dealer/Defendant.

77. Defendant denies the allegations contained in paragraph 123 of Plaintiff's Complaint as such duty is in the Agreements already a part of the Complaint exhibits. See Exhibit "C" which is the form of GAP Addendum required to be signed by all customers who purchase GAP coverage. Said Addendum by its terms requires said duty of cancellation.

78. Defendant admits the allegations contained in paragraph 124 of Plaintiff's Complaint with respect to being the calculations being incorrect due to the fact that the Defendant used the current industry standard of a pro-rata calculation for all of the GAP cancellations instead of applying the prorate or the "rule of '78" depending upon who issued the GAP coverage - Carco Gap (uses pro-rata) and OwnerGuard Gap (who uses the "rule of 78"). Said calculations can easily be determined once the underlying contractual issues and ownership of such is determined.

79. Defendant denies the allegations contained in paragraph 125 of Plaintiff's Complaint.

80. Defendant partially admits the allegations contained in paragraph 126 of Plaintiff's Complaint with respect to having made a representation to Debtor

regarding applying for GAP refunds; however, such representation was made PRIOR to the meeting with Russ Algood and Robin Milestone on May 9, 2018.

     81.    Defendant admits the allegations contained in paragraph 127 of Plaintiff's Complaint.

     82.    Defendant denies the allegations contained in paragraph 128 of Plaintiff's Complaint. See Exhibit "D" which includes an email dated 05/15/2018 at 12:08 p.m. from Robin Milestone which substantively discusses the GAP refund issue and a Weekly Statement sent to Defendant from Debtor (dated 05-16-2018) whereby Debtor credited Defendant with the $50,000.00 "carryover balance" and reduced Defendant's amount owed by such $50,000.00. Then, approximately 1-2 hours later that same day, a "revised" Weekly Statement was issued and removed the $50,000.00 credit.

     83.    Defendant admits the allegations contained in paragraph 129 of Plaintiff's Complaint.

     84.    Defendant admits the allegations contained in paragraph 130 of Plaintiff's Complaint.

     85.    Defendant admits the allegations contained in paragraph 131 of Plaintiff's Complaint.

     86.    Defendant denies the allegations contained in paragraphs 132-133 of Plaintiff's Complaint.

     87.    Defendant denies the allegations contained in paragraphs 134-136 of Plaintiff's Complaint. See previous Exhibit "D" whereby there is no label of "disputed amount" nor is "Carryover Balance" a term that means "a/k/a a disputed amount."

     88.    Defendant denies the allegations contained in paragraphs 137-138 of Plaintiff's Complaint.

     89.    Defendant admits the allegations contained in paragraphs 139-141 of Plaintiff's Complaint with respect to the existence of said emails; however, in order to put the underlying matters into proper context, specifically, the term "obligation", the entire email threads are necessary and are attached hereto as Exhibit "E".

     90.    Defendant denies the allegations contained in paragraphs 142-147 of Plaintiff's Complaint due to the fact that Defendant disputes both the validity and enforceability of said Agreements which per the Plaintiff's excepts provided in the

Complaint, state that there is no right of offset, etc. due to fraud, usury and the like which are contrary to public policy and therefore, could render said Agreements null and void.

> Furthermore, the parties hereto acted in their industry's normal and customary standards and business practices, whereby they observed the "spirit" of the Agreements and not the strict "letter" application.

91. Defendant denies the allegations contained in paragraphs 148-150 of Plaintiff's Complaint due to the fact that said GAP refunds belong to the customer/consumer's account(s) which Defendant/dealer owns by having purchased/been assigned said contracts from Debtor.

92. Defendant denies the allegations contained in paragraphs 151-152 of Plaintiff's Complaint for the following reasons: (1) said N.C.G.S. 25-9-609 does not govern as the underlying events (cars being removed from McCoy Motors, LLC lot) took place in South Carolina, not North Carolina; (2) the BHPH (as previously defined in the Complaint) advertisement (used with the intention of acquiring new dealers) states in relevant part"... No lien on your property;" said advertisement is attached hereto as Exhibit "F"; (3) Defendant contends that "breaking and entering" into private property and destroying locks and fences and the like is a "breach of the peace" as that term is commonly defined and used; (4) Furthermore, other property NOT [emphasis added] a part of this proceeding was damaged by the Defendant's and/or their (hired) agents. For example, the grounds have deep and numerous tire marks and groves and other vehicles that are NOT a part of this proceeding were damaged by said illegal removals. Copies of some of the damages are included herein as photographs on Exhibit "G". Said photos are meant to be examples and not inclusive of all damages but to demonstrate to the Court what took place.

93. Defendant denies the allegations contained in paragraph 153 of Plaintiff's Complaint Plaintiff's Complaint as Defendant has tendered to Debtor all such keys in their possession.

94. Defendant lacks sufficient knowledge regarding the allegations in paragraph 154 of Plaintiff's Complaint since Defendant was not a party to the stated subcontract with Car Masters.

95. Defendant denies the allegations contained in paragraph 155 of Plaintiff's Complaint and contains a legal conclusion, which requires no response. To the extent a response is required, the same is denied.

96. Defendant denies the allegations contained in paragraph 156 of Plaintiff's Complaint to the extent that Defendant contends that Debtor's actions rise to the level of being "grossly negligent."

97. The allegations contained in paragraphs 157-166; and 168-169; and 171-172; and 179-180 of Plaintiff's Complaint have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018 and Defendant's compliance with said Order.

98. Defendant denies the allegations contained in paragraphs 167 and 170 and 173 of Plaintiff's Complaint as such determination of legal repossession has not been made and said matters have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018.

99. Defendant denies the allegations contained in paragraph 174 of Plaintiff's Complaint and said matters have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018.

100. Defendant denies the statements contained in paragraph 178 of Plaintiff's Complaint as previously indicated herein.

101. Defendant lacks sufficient knowledge regarding the allegations contained in paragraphs 181, and 183-206 of Plaintiff's Complaint and to the extent that a response is required, the same is denied and said matters should not be considered a substantive part of a bankruptcy proceeding.

102. Defendant partially admits the allegations contained in paragraph 182 to the extent that Defendant sent an email to his then attorney, David Badger of Plaintiff's Complaint.

103. Defendant admits the allegations contained in paragraphs 207-208 of Plaintiff's Complaint.

104. Defendant denies the statements contained in paragraph 209 of Plaintiff's Complaint due to the fact that Defendant (and Defendant LLC) is listed as a lienholder on said vehicle titles which are the subject of this proceeding. See attached Exhibit "H" as an example of said title whereby Defendant LLC is listed as a second lienholder and per Federal law adopted by the state of North Carolina states in relevant part that Debtor trade names are insufficient. See N.C.G.S. 25-9-503.

> And see Exhibit "I" which was submitted to dealers and advertised on the website of the Debtor by Debtor stating that as a dealer participant in the BHPH program, said dealer will "... retain equity in your business."

> Furthermore, Defendant cannot locate documentation that the entity listed on said titles as a first lienholder and on other contracts and agreements ("AMAC") exists in a corporate and/or legal capacity or as a "OBA" or trade name or assumed name. See Exhibit "J" attached hereto as Defendant research on said name issue.

105. Defendant denies the allegations contained in paragraph 210 of Plaintiff's Complaint and is a matter for the determination by the Court.

106. Defendant denies the allegations contained in paragraphs 211, 213-217 of Plaintiff's Complaint and is a matter for the determination by the Court.

107. Defendant lacks sufficient knowledge regarding the allegations contained in paragraph 212 of Plaintiff's Complaint.

108. Defendant denies the allegations contained in paragraphs 218-219 of Plaintiff's Complaint and asserts that no such written notice as provided for in the referenced agreements was necessary due to the fact that the parties were engaged in communication regarding said Weekly Statements and the amounts contained therein and that Defendants continued to act and discuss such amounts in good faith and pursuant to their normal course of business dealings and communications as they had for almost two years. Again, Defendants were keeping with the "spirit" and intent of said agreements.

109. Defendant denies the allegations contained in paragraphs 220-223 of Plaintiff's Complaint.

110. Defendant admits the allegations contained in paragraph 224 of Plaintiffs Complaint.

111. Defendant denies the allegations contained in paragraphs 225-226 of Plaintiff's Complaint.

112. Paragraphs 227, 236, 252, 257, 261, 263, 269, 276, 281, 284, 287, 293, 301, 308, 314, 317 are incorporation paragraphs and as such, no response is required.

113. Defendant lacks sufficient knowledge regarding the allegations, if any, contained in paragraphs 228-233 of Plaintiff's Complaint and such paragraphs state (in part) purported legal conclusions, which require no response. To the extent a responses are required, the same is denied.

114. Paragraphs 234-235 of Plaintiff's Complaint have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018.

115. Defendant denies the allegations contained in paragraphs 237-239; 241-246 of Plaintiff's Complaint.

116. Defendant lacks sufficient knowledge regarding the allegations, if any,
contained in paragraphs 240, 247-251 of Plaintiff's Complaint.

117. Paragraphs 253-254, 256, 258 and 260 of Plaintiff's Complaint have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018.

118. Defendant denies the allegations contained in paragraphs 262, 264-268 and 270 of Plaintiff's Complaint and are matters for the determination by the Court.

119. Defendant denies the allegations contained in paragraphs 271-275 and 270 of Plaintiff's Complaint.

120. Defendant lacks sufficient knowledge regarding the allegations, if any, contained in paragraphs 277-278 of Plaintiff's Complaint.

121. Defendant denies the allegations contained in paragraphs 279-280; 282-283, 286, 288-292 of Plaintiff's Complaint.

122. Defendant denies the allegations contained in paragraph 294 of Plaintiff's Complaint.

123. Defendant admits the allegations contained in paragraph 295 of Plaintiff's Complaint.

124. Defendant denies the allegations contained in paragraphs 296-300 of Plaintiff's Complaint.

125. Paragraphs 302-303 of Plaintiff's Complaint have been rendered moot; as such matters were resolved by Court Order issued June 25, 2018.

126. Defendant denies the allegations contained in paragraphs 304, 306, and 307 of Plaintiff's Complaint.

127. Paragraph 305 was resolved by Court Order issued June 25, 2018, but was not in favor of the Plaintiff but terminated by Defendant to the York County Sheriff's Department pursuant to the Court Order.

128. Defendant denies the allegations contained in paragraphs 309-313 of Plaintiff's Complaint.

129. Defendant denies the allegations contained in paragraphs 315, 316, 318 of Plaintiff's Complaint.

130. Paragraphs 320-324 are legal conclusions, which requires no response. To the extent a response is required, the same is denied.

131. Paragraph 325 is an incorporation paragraph and as such, no response is required. For the sake of a response, Defendant specifically denies the multiple allegations raised in this paragraph.

**PRAYER FOR RELIEF:**

1. That a Trustee be appointed.

2. That the Plaintiff's Claim be dismissed and the Plaintiff recover nothing by way of its Claim.

3. That damages be assessed for the vehicles that Debtor illegally removed from the premises of McCoy Motors, LLC and those funds be put into a constructive trust pending the final outcome of these proceedings.

4. For such other and further relief as the Court deems just and proper in law and equity.

5. That the costs of this action and legal fees be taxed against the Plaintiff.

6. To be allowed to lower the amount deposited into the Lang Escrow account to 50% of payments collected. As we are currently paying employees and debit/credit card fee's.

7. To be allowed to repossess a vehicle that is extremely past due and meet all laws for repossession. As some customers have found out we can't repossess so that have stopped making their payments.

8. That any and all criminal allegations/references and the like be eliminated from this proceeding and no such action(s) be taken against any Defendants.

This the 9th day of October, 2018.

_____
ROBERT MCCOY, JR.
Pro Se Defendant

3606 Highway 51
Fort Mill, SC  29715
(803) 577-9779

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the attached DEFENDANT'S REPLY TO VERIFIED COMPLAINT to the Debtor's attorney of record via email as follows:

James H. Henderson, Esq.

henderson@title11.com

This the 9th day of October, 2018.

ROBERT MCCOY, JR.
Pro Se Defendant

3606 Highway 51
Fort Mill, SC 29715
(803) 577-9779

| Zimbra | robmccoy@comporium.net |
|---|---|

### Robert McCoy Response

| | |
|---|---|
| **From :** Rob McCoy <robmccoy@comporium.net> | Tue, Jul 17, 2018 09:50 PM |
| **Subject :** Robert McCoy Response | 📎1 attachment |
| **To :** henderson <henderson@title11.com> | |
| **Cc :** ginny <ginny@title11.com> | |

Hey Jim, my Response is attached. Exhibits will follow, however please forgive the number of them as their size will require multiple emails.

Thanks
Rob Mccoy

📎 **RM Response to Debtor 7.17.18.pdf**
19 MB

This response was sent to Mr. Henderson on July 17, 2018. This is a print out of that email.



Exhibit R-1