FILED
U.S. Bankruptcy Court
of NC

NOV - 2 2018

Steven T. Salata, Clerk
Charlotte Division

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Ace Motor Acceptance Corporation, | ) | Chapter 11 |
| | ) | Case No. 11-30426 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Ace Motor Acceptance Corporation, | ) | |
| | ) | Adversary Processing |
| Plaintiff. | ) | No. 18-03036 |
| | ) | |
| v. | ) | DEFENDANT, MCCOY MOTORS, LLC; |
| | ) | MCCOY MOTORS, LLC d/b/a RIDE FAST |
| McCoy Motors, LLC | ) | RESPONSE TO ORDER FINDING CERTAIN |
| McCoy Motors, LLC, d/b/a Ride Fast; | ) | DEFENDANTS IN CIVIL CONTEMPT |
| Robert McCoy, Jr; and Misty McCoy | ) | AND RESPONSE FOR DENIAL OF |
| | ) | PLAINTIFF ATTORNEY FEES |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS EVIDENCE THAT THE DEFENDANTS HAVE COMPLIED WITH THE JUNE 25TH, 2018 AND THE August 1st, 2018 ORDERS.**

NOW COMES the defendant/ Creditor MCCOY MOTORS, LLC; MCCOY MOTORS, LLC, d/b/a Ride FAST; MISTY MCCOY ("Defendant"), in this action who hereby responds specifically to the Plaintiff Debtor's ("Plaintiff") Complaint as follows:

**With respect to the June 25, 2018 Order Concerning Interim Servicing of Accounts of Vehicle**

**Under the Decretal Paragraph 2.**

1. Defendants have no way to prove or deny the claims contained in paragraph 1-3 as our access to impute payments into Ace's system was stopped on or about August 1, 2018.
2. Defendants disagree with the testimony of Robin Milestone in paragraph 4 on the amount of money collected by the Defendants.
3. Defendants noticed in the Exhibit 32L showed payments that were collected before the June 25th, 2018 order by the court. Some payments were even from the month of May. This looks to be a difference in the $10's of thousands.
4. Defendants deny the claim in paragraph 6 by Robin Milestone. Defendants have sent emails over to the Plaintiff as requested with Vehicle Buyers Accounts on several dates.

**Under the Decretal Paragraph 3.**

1. Defendant denies the claims from paragraph 1-3 that the Plaintiff is still waiting on evidence of the "Lang Escrow Account". Kris Lang set up the first Escrow account with BB&T (Branch Banking and Trust) and turned over the bank documents to the Plaintiffs and their Attorney Jim Henderson on June 29th, 2018. Then on July 13th, 2018 Lang set up another Escrow Account "Lang Escrow Account" and moved the funds from the first Escrow account to this one and again notified the Plaintiff and their Attorney Jim Henderson of this account.
2. Defendants denies the claims in paragraphs 4 and 5 and they noticed on Exhibit 32L shows payments from before the June 25th, 2018 court order. These amounts looks to be a difference in 10s of thousand dollars. If accounting documents were not turned over how did Robin Milestone come up with the numbers he testified to court?

**Under Decretal Paragraph 4.**

1. Defendants deny the claim in paragraphs 1 and 2 that they have repossessed a vehicle without approval of the court. The defendants have had customers "drop" off vehicles and leave them without notifying anyone of their actions and the vehicle could have sat at the location for days or even weeks without anyone noticing it. At the time McCoy Motors, LLC had over 150 vehicles on the lot.

**Under Decretal Paragraph 5.**

1. Defendants deny the claims in paragraph 1 and 2. Payments collected were posted to the ACE accounting system until our access was stopped on or about August 1st, 2018. Emails were sent to Robing Milestone with the accounting information on June 27th, 2018 and August 7th, 2018, per Robin Milestone's request. McCoy Motors, LLC stopped collecting payments on ACE's accounts on August 1st, 2018 per the judges order that ACE was to collect all payments.

**Under Decretal Paragraph 8.**

1. Defendants, as Ace knows and knew before signing McCoy up as a dealer, deals with several other finance companies and sells cars for cash. All money coming into McCoy Motors, LLC from payments, and selling cars for cash goes went into the same bank account. We rely on out IDMS (computer softwear) to provide the accounting for what we collected for which was provided to ACE.

**Under Decretal Paragraph A (i)**

1. Defendant denies the complaint under this section. Defendant did stop collecting payments as ordered by the court with the August 1st, 2018 order. McCoy admits to "shopping" the ACE/McCoy Accounts to put an end to all this. But, No ACE accounts were sold therefore no money was collected. Page 15 Section A2 Of the August 1st, 2018 order states" The customers are referred to as ACE's and the Defendants customers therefore when we

shopped the accounts we thought we were shopping our (Defendants) accounts.

**Under Decretal Paragraph A (ii)**

1. Defendant denies the claims by Robin Milestone. Defendant has directed customers to make their payments to ACE after the August 1st, 2018 order by the court. Defendant is no longer collecting money from ACE/McCoy customers.

**Under Decretal Paragraph A (iii)**

1. Defendants have answered the claims in 1-4, under the Decretal Paragraph 8 number 1. McCoy did not only collect payments from ACE customers but, several other Finance companies, as ACE knew this before signing McCoy up as a dealer and doing business with McCoy. Also, Exhibit 32L has been explained, that some of the payments on this Exhibit is that of payments from May and should not be counted on the numbers Robin Milestone stated.

**Under Decretal Paragraph A (iv)**

1. Defendant only sent out the email only to ACE, Exhibit 32F after Robin Milestone emailed and harassed other companies that McCoy did business with. Customers were told to contact ACE to make their payments and to contact them with any concerns with their account. Customers were told to only pay ACE, McCoy was no longer taking any ACE's accounts payments.
2. Defendant produced the reports requested by Robin Milestone to him. These are the same reports McCoy produced to sell accounts in the past and they have the information needed for each account.
3. Defendant denies the claims in paragraphs 4 and 5. ACE, Robin Milestone and or agents acting on their behalf has picked up several vehicles from McCoy. As for the vehicles locked up they belong to other Floorplan companies and McCoy does not own them or have the titles for those vehicles.
4. Defendant denies that Exhibit R is relevant to the case at hand.

5. Defendant denies claims in paragraph 7 of not turning over vehicles to ACE. Ace, Robing Milestone or agents acting or ACE have picked up several vehicles from McCoy.

6. Defendant does not refuse to hand over individual pay histories for vehicle buyers, and will have them printed for ACE, this can be hundreds of pages, maybe thousands and McCoy switched computer systems, so we believe this may add to the confusion. What we have submitted works for billion dollar finance companies.

**Under Decretal Paragraph A (v)**

1. Defendants denies the claim that they are interfering with Ace's efforts to collect on the accounts. McCoy has told all ACE accounts to pay ACE and to contact them with any and all questions concerning their account. And that McCoy will not be taking any payments for those accounts.

2. Defendant sent the email Exhibit 32F only to ACE after Robin Milestone emailed/contacted and harassed other companies that McCoy did business with. The email was not sent to customers.

3. Defendant would have ACE to refer to the York County Sheriff Department for Exhibit 32N.

**Under Decretal Paragraph A (vii)**

1. Defendants can not confirm or deny the claims in paragraphs 1and 2 since bank accounts have been closed. It is possible that a check could have came in and an employee got the check and stamped it for deposit and took it to the bank. If McCoy owes this money, we would be happy to deposit it into the Escrow account when provided with the banking information.

**Under Decretal Paragraph A (iv)**

1. Defendants have been asked and have answered paragraph 1 several times in this complaint. Not all vehicles are McCoy's, they belong to other Floorplan companies and the Floorplan companies hold the titles to said vehicles. ACE, Robin Milestone and or agents of them have picked up several vehicles for ACE.

2. Defendants only tried to sell the ACE accounts to put an end to all this. No accounts were sold and no money was recieved for them.
3. Defendants deny the claims of paragraph 3 and 4 to Exhibit 32L to be true, this will be proved. Payments on the Exhibit are from May and therefor should not be counted and the number Robin Milestone provided.
4. Defendants deny the claim in paragraph 5, and believe the statement of Robin Milestone to be untrue.

**Under decretal Paragraph A (x)**

1. Defendants have been asked and have answered the claim of not turning over the key they have. All the keys McCoy had were turned over the ACE.

**Under Decretal Paragraph A (xi)**

1. Defendant denies the claims in paragraphs 1-3. McCoy has had customers bring cars back to the lot and leave them for days or even weeks before we knew the vehicle was here. McCoy contacted ACE and told them of vehicles we knew were her and ACE or an agent acting on their behalf have picked up those vehicles.

**Under Decretal Paragraph A (xii)**

1. Defendants have been asked and have answered this claim several times already. ACE currently has vehicles at 3606 Hwy 51 Fort Mill, SC 29715 they can get. They were notified of this and have not come to get the vehicles.

**Under Decretal Paragraph A (xiii)**

1. Defendants feel they have fully complied to the best of our legal ability to the orders of the court in this case. Everything else has already been asked and answered in this response.

**Under Decretal Paragraph B.**

1. Defendants have not collected any payments since the August 1st, 2018 order, therefore there are no payments to turn over to ACE.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the attached DEFENDANT'S REPLY TO VERIFIED COMPLAINT via Clerk of Court via to all parties or their attorney of record requesting notice and via email to the following:

This the 1st day of November, 2018.

Misty McCoy
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoymotors@comporium.net

**LANG LAW FIRM**
/s/ Kristin Harmon Lang
Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2435 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203
Fax: 704-847-1452
kharmonlang@gmail.com

**THE HENDERSON LAW FIRM**
/s/ James H. Henderson
**James H. Henderson**
**State Bar No. 13536**
**1201 Harding Place**
**Charlotte NC 28202-2826**
**Telephone: 704.333.3444**
**Facsimile: 704.333.5003**
**Email: henderson@title11.com**

Respectfully submitted this 2nd day of November 2018

_____
Misty McCoy
11915 John K Hall Way
Charlotte, NC 28277
Email: mnmccoy@hotmail.com