## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ACE MOTOR ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| | ) | Adversary Proceeding No. 18-3036 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY, JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ORDER SHORTENING NOTICE OF HEARING ON I) PLAINTIFF'S EMERGENCY MOTION FOR ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT AND ADD ROBERT MCCOY III AND FLASH AUTOS, LLC; II) EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER AS TO MCCOY MOTORS, LLC AND FLASH AUTOS, LLC; III) ALTERNATIVE EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AS TO MCCOY MOTORS, LLC AND FLASH AUTO, LLC**

THE PLAINTIFF, pursuant to Local Rule 9006-1, moves this Court for the entry of an Order Shortening Notice of Hearing on I) Plaintiff's Emergency Motion for Order Granting Leave to File Second Amended Complaint and Add Robert McCoy III and Flash Autos, LLC; II) Emergency Motion for Appointment of Receiver as to McCoy Motors, LLC and Flash Autos, LLC; III) Alternative Emergency Motion for Preliminary Injunction as to McCoy Motors, LLC and Flash Auto, LLC. As cause for shortening the required notice, the Plaintiff shows the Court the following:

1.      This adversary proceeding was filed on June 18, 2018. For more than five months the Plaintiff has been attempting to use normal procedures to collect a significant claim against the Defendants and to obtain possession of the collateral for the claim. Because the Defendants have from the beginning expressly pledged to "string this out", and because the Defendants have willfully ignored several orders of the Court, the Plaintiff's efforts have been largely unsuccessful. As a result, significant assets have been effectively removed from the bankruptcy estate by the Defendants, to the detriment of the creditors.

2. To date, despite the Debtor's best efforts, there have been virtually no consequences to the Defendants for their actions and inactions.

3. The Court has entered the following orders in connection with the McCoy Adversary: i) Order Concerning Interim Servicing of Accounts of Vehicle Buyers; and Order Setting Hearing on Preliminary Injunction (June 25, 2018); ii) Order Granting Motions for Preliminary Injunction and Other Emergency Relief (the "Preliminary Injunction", August 1, 2018); and iii) Order Finding Certain Defendants in Civil Contempt and Continuing Pretrial Conference (the "Contempt Order", October 19, 2018).

4. On November 6, 2018, the Court held a hearing on whether certain Defendants had purged the contempt set forth in the Contempt Order. The week after the hearing, the Plaintiff become aware of additional facts which were not available at the November 6 hearing. The testimony of a witness, who the Debtor will subpoena as a witness at any hearing on the subject motions, clearly shows that the Defendants continue to use, sell and otherwise squander the Plaintiff's collateral and that the Defendants McCoy and Misty McCoy have given repeated perjured testimony to the Court. These facts and the anticipated testimony of the witness are set forth in the Affidavit of Robin Milestone, attached hereto as Exhibit "A".

5. The testimony that the Plaintiff expects to present to the Court will demonstrate that the Defendants Robert McCoy, Misty McCoy and their son Robert McCoy, III are engaged in a conspiracy to defraud the Debtor and the bankruptcy estate. This conspiracy includes the creation and continued operation of a successor business, Flash Autos, LLC ("Flash"), which continues to use and have possession of Plaintiff's collateral.

6. The losses incurred by the bankruptcy estate continue to mount, on a daily basis. Shortening notice of the hearing on these motions will help to protect the creditors of the estate.

Wherefore, in the interests of justice and the absence of undue prejudice to the Defendants, Plaintiff respectfully requests that this Court enter an Order Shortening Notice of Hearing on I) Plaintiff's Emergency Motion for Order Granting Leave to File Second Amended Complaint and Add Robert McCoy III and Flash Autos, LLC; II) Emergency Motion for Appointment of Receiver as to McCoy Motors, LLC and Flash Autos, LLC; III) Alternative Emergency Motion for Preliminary Injunction as to McCoy Motors, LLC and Flash Auto, LLC.

This 20th day of November, 2018.

**THE HENDERSON LAW FIRM**

/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28202-2826
Telephone:    704.333.3444
Facsimile:    704.333.5003
Email:    henderson@title11.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 18-30426 |
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) ) | |
| | ) | |
| ACE MOTOR ACCEPTANCE CORPORATION, | ) ) ) | |
| | ) | Adversary Proceeding No. 18-3036 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MCCOY MOTORS, LLC, MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR. and MISTY MCCOY, FLASH AUTOS, LLC and ROBERT BRUCE MCCOY, III | ) ) ) ) ) ) | |
| Defendants. | | |

## AFFIDAVIT OF ROBIN MILESTONE

I, Robin Milestone, the Affiant herein, do hereby swear and affirm the following:

1. I am a resident of Fort Mill, South Carolina.

2. I am over the age of twenty one years and suffer from no mental or physical infirmity that would render my testimony incompetent.

3. I understand that this Affidavit will be filed in the U.S. Bankruptcy Court, under penalty of perjury, and I swear that this statement is completely truthful and accurate. I have personal knowledge of the facts in this Affidavit, and given my experience with the Defendants in this proceeding and the testimony I have heard, I am confident that the facts set forth are reliable, truthful and trustworthy.

4. I am an employee of the Debtor. I have testified under oath at all of the hearings held in this adversary proceeding, and I have heard all of the testimony of Robert McCoy, Jr. ("McCoy"), Misty McCoy and Kris Lang at the various hearings.

5. I drive past the Fort Mill business location of McCoy Motors a/k/a "Flash" on my way to and from work. I took many of the photographs that have been admitted into evidence in this proceeding, including photographs of the driveways being blocked, the new "Flash Autos LLC"

sign, the repainting of the building, and the business activity at Flash the day after McCoy testified to the Court that Flash was not operating.

6. The Debtor is a subscriber to call center technology provided by TCN, Inc. ("TCN"), which records all inbound, outbound, manual, predictive and manually approved telephone calls, and which provides the Debtor with retrieval options, allowing the Debtor to have access a recording of any telephone call. The Debtor is also a subscriber to a similar service with RingCentral, Inc. ("RingCentral").

7. TCN and RingCentral, depending on the department of the Debtor, record all telephone calls made with the Debtor's customers as a regular business activity. TCN and RingCentral keep recordings of all telephone calls in the course of the Debtor's regularly conducted business activity. There is no judgment exercised by any party in determining which calls are recorded and which are not recorded.

8. I am one of two administrators for the Debtor for the accounts with TCN and RingCentral and as such I am a custodian of the recordings of all telephone calls recorded by TCN and RingCentral.

9. On November 13 and 14, 2018, I was a party to three telephone calls with an individual named Austin Robertson ("Robertson"). Robertson initiated the first and third telephone call, I initiated the second telephone call.

10. All three telephone calls between myself and Robertson have been recorded. All of the recording were made at the time of the telephone calls. I have reviewed the recordings in connection with the preparation of this Affidavit.

11. Robertson is a customer of the Debtor, in that Robertson drives an automobile which he obtained from McCoy Motors and which is subject to a lien in favor of the Debtor. Telephone calls between myself and Robertson were related to business reasonably transacted over the telephone.

12. The substance of my three recorded telephone calls with Robertson is as follows:

    a. Robertson is also a former employee of McCoy Motors and Flash, at both the Lancaster, S.C. and Fort Mill, S.C. locations.

    b. Robertson was an employee of McCoy Motors for more than a year, from the fall of 2017 until November 13, 2018. Robertson moved from North Carolina to Lancaster, S.C. in order to run the Lancaster location.

    c. While Robertson was an employee of McCoy Motors, he was responsible for marketing and social media, and he was also involved with the sales of automobiles to customers. Robertson's boss was Robert McCoy, Jr. ("McCoy").

    d. Misty McCoy worked at the Fort Mill location virtually every day and she was very much involved with McCoy Motors. Misty McCoy was in charge of the office, signing checks, collecting money, and generally managing the business. Misty McCoy would also buy cars for McCoy Motors inventory. Robert McCoy III ("McCoy III") was also employed by McCoy Motors and he spent significant amounts of time at the business.

e. In August, 2018, McCoy told Robertson that McCoy Motors was going to change its name to "Flash". McCoy instructed Robertson to move all of the cars in inventory into a fenced area at the Fort Mill location.

f. McCoy instructed Robertson to block access to the Fort Mill lot so that McCoy Motors inventory could not get repossessed by creditors.

g. In early September, 2018, McCoy instructed Robertson to paint the outside of the Fort Mill building red. It was formerly painted blue. Misty McCoy gave Robertson a Lowe's credit card so that he could buy paint and other materials which McCoy told Robertson to buy in connection with changing the business name to "Flash". Misty McCoy went with Robertson to Lowes to buy the red paint.

h. Robertson painted the outside of the McCoy Motors building red and Robertson also hung a new sign on the front of the building that said "Flash Autos LLC", at McCoy's instruction.

i. McCoy told Robertson that, after the name change, "everything is going to be the same" with the business. Changing the business name from McCoy Motors to Flash was completely McCoy's idea. McCoy changed the name to protect the business from McCoy Motors' creditors.

j. After the name change to "Flash", McCoy didn't ask Robertson to fill out any paperwork (such as an I-9 or a W-4) that a new employer would normally have asked a new employee to do.

k. Before McCoy changed the business name to "Flash", McCoy Motors would directly deposit Robertson's wages into his personal bank account. Since McCoy changed the name to Flash, McCoy gave Robertson checks with Robertson as the payee, McCoy had Robertson endorse the checks, and them McCoy would pay Robertson in cash.

l. McCoy got a new phone number for Flash, but the fax number is the same as the one that was used by McCoy Motors. All of the furniture and computers and everything inside the Fort Mill building is the same. Flash is using all the same property that McCoy Motors was using.

m. Since the name change, McCoy has been at the business virtually every day. McCoy sits at the same desk in the same office every day, like he did before the name change. McCoy still runs the business and makes all the decisions for Flash, just like he did before the name change. McCoy buys cars for Flash's inventory just like he did for McCoy Motors, and McCoy reviews any proposed customer deals before Flash sells an automobile.

n. Since the business name was changed to Flash, Robertson has heard McCoy yell at McCoy III about proposed customer "deals". Robertson has heard McCoy tell McCoy III that McCoy III could not make a proposed deal with a customer. Robertson told me that McCoy III doesn't make decisions for Flash and that he's just a puppet for McCoy.

o. McCoy and/or Misty McCoy are telling McCoy Motors customers that Flash was or is "taking over" payments that are supposed to be made to McCoy Motors, that they need to make their car payments in person at Flash, and that they have to bring cash or a money order. As

of the day Robertson was fired, McCoy was still taking cash and money order payments from former McCoy Motors customers, including those customers whose contracts are owned by Ace. McCoy has been taking cash and money order payments from Ace customers since Ace filed a lawsuit against McCoy. McCoy asks for cash and money order payments so there's no paper trail for the customer's payments.

    p.    McCoy intends to transfer all of the McCoy Motors inventory to Flash.

    q.    Robertson has been instructed by McCoy to repossess automobiles that were owned by McCoy Motors, and those cars are now for sale on the Flash lot.

    r.    Before and after the name change, McCoy removed parts from cars (such as rims, tires and electronics) which the Ace has a lien on. McCoy told Robertson that he was going to sell the parts. Robertson does not know what McCoy has done with the money the McCoy has gotten from selling parts.

    s.    In August, 2018, when McCoy was changing the name of the business to "Flash", McCoy started buying a lot of things...all within about 30 days...including the BMW he's driving, a GMC, an all black Chevy Tahoe, and an all black Chevy Camaro that Misty McCoy drives. McCoy also bought a four door Toyota 4-Runner, two motorcycles and a $70,000.00 boat. McCoy told Robertson that "I'm trying to use up McCoy's money". McCoy has stored some of the things he bought in the Fort Mill building now used by "Flash".

    t.    In August, 2018, at the same time McCoy was changing the business name to "Flash", McCoy paid Robertson cash to work on McCoy's personal residence in Charlotte. Robertson painted the inside of the house, the exterior trim and he installed a gate and lattice work for the porch.

    u.    Robertson understands that McCoy keeps a significant amount of cash at his house.

    v.    Flash is using a tow truck that's owned by McCoy Motors. McCoy just paid the property taxes that were owed on the tow truck.

    w.    At the time McCoy was changing the business name to "Flash", McCoy asked Robertson if Robertson would park and hide 50 cars at Robertson's house in Lancaster, so that the cars could not be repossessed by creditors. Robertson told McCoy that he would not do that. McCoy is hiding 20 or 30 cars on property located off of Flint Hill Road, which very close to the Fort Mill business location.

    x.    Robertson was provided with an automobile to drive while he was employed by McCoy Motors and Flash. On November 14, 2018, after Robertson was fired, Robertson tried to get possession of a motorcycle which Robertson owned and which he was storing at McCoy's Fort Mill location. McCoy told Robertson that he would not let Robertson have the motorcycle until Robertson returned the automobile. Robertson filed a Claim and Delivery action, and with the help of the two York County Sheriff's deputies he was able to get his motorcycle back.

    y.    McCoy played Robertson and several other employees...including Meagan Earney, "BK", and "Elizabeth"...a recording of what he told Robertson was a telephone call between his attorney and Ace's attorney. Misty McCoy was present while the recording was played

back and McCoy instructed her to take notes concerning particular parts of the recording.

z.  McCoy regularly uses FaceBook in his business. McCoy created a fake Facebook page using the name "Amanda Small". Pretending to be an African American woman, McCoy uses the "Amanda Small" Facebook page to "make friends" with and proposition McCoy Motors customers who are in default on their payments, as a way to repossess their cars. McCoy also uses Snapchat as a means to connect with and repossess automobiles from customers.

I, Robin Milestone, verify under penalty of perjury that the foregoing statement is true and correct.

_____
Robin Milestone

County of Mecklenburg
NORTH CAROLINA

Sworn to and subscribed before me this the 20th day of November, 2018.

_____
Notary Public

ViRgiNiA T. HaRlaN
Printed Name
My commission expires: 2-14-2022

[Notary seal: VIRGINIA T HARLAN, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]