United States Bankruptcy Court
Western District of North Carolina

Ace Motor Acceptance Corporation,
    Plaintiff

Adv. Proc. No. 18-03036-jcw

McCoy Motors, LLC,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0419-3     User: williamsm     Page 1 of 1     Date Rcvd: Nov 21, 2018
                  Form ID: pdf     Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 23, 2018.
```
dft            +McCoy Motors, LLC,    3606 Highway 51,    Fort Mill, SC 29715-8351
dft            +Misty McCoy,    11915 John K Hall Way,    Charlotte, NC 28277-2855
dft            +Robert McCoy, Jr.,    3606 Highway 51,    Fort Mill, SC 29715-8351
5834221         North Carolina Department of Revenue,    Bankruptcy Unit,    P.O. Box 1168,
                 Raleigh, NC 27602-1168
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5834220        +E-mail/Text: cio.bncmail@irs.gov Nov 21 2018 18:53:35     Internal Revenue Service,
                 P.O. Box 7317,   Philadelphia, PA 19101-7317
```
                                                                                                                                TOTAL: 1

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2018                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2018 at the address(es) listed below:
```
              James H. Henderson    on behalf of Plaintiff    Ace Motor Acceptance Corporation
               henderson@title11.com,   ginny@title11.com
              Kristin Harmon Lang    on behalf of Defendant Misty  McCoy kharmonlang@gmail.com
              Kristin Harmon Lang    on behalf of Defendant    McCoy Motors, LLC d/b/a Ride Fast
               kharmonlang@gmail.com
              Kristin Harmon Lang    on behalf of Defendant    McCoy Motors, LLC kharmonlang@gmail.com
```
                                                                                                                                                                                                                     TOTAL: 4

FILED & JUDGMENT ENTERED
Steven T. Salata

November 21 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Ace Motor Acceptance Corporation, ) | Chapter 11 |
| ) | Case No. 18-30426 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| Ace Motor Acceptance Corporation, ) | |
| ) | |
| Plaintiff. ) | |
| ) | Adversary Proceeding |
| v. ) | No. 18-03036 |
| ) | |
| McCoy Motors, LLC; ) | |
| McCoy Motors, LLC, d/b/a Ride Fast; ) | |
| Robert McCoy, Jr.; and Misty McCoy ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER RECOMMENDING WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING FOR FURTHER CIVIL, AND POTENTIALLY CRIMINAL, CONTEMPT PROCEEDINGS**

**THIS MATTER** is before this Court on its October 19, 2018 Order Finding Certain Defendants in Civil Contempt and Continuing Pretrial Conference (the "Contempt Order"). On November 6, 2018, a follow-on hearing was conducted (the "Purge Hearing") at which McCoy

Motors, LLC ("McCoy Motors") and Robert McCoy Jr. ("McCoy") (collectively, the "Defendants"), Misty McCoy, and Ace Motor Acceptance Corporation ("Ace") appeared. Evidence was taken and at the conclusion of the Purge Hearing, the matter was taken under advisement.

**Holding:** Because the Defendants have entirely failed to purge their civil contempt, and appear to have secreted Ace's collateral, this Court recommends that the U.S. District Court withdraw reference of this adversary proceeding for two purposes. First, to consider imposition of further civil contempt sanctions in order to obtain compliance with the aforementioned orders or afford compensation made to Ace. Such sanctions would likely involve (a) incarceration of McCoy until compliance is had and/or (b) striking the Defendants' answers and entering default against them in this adversary proceeding. Second, to consider whether McCoy and McCoy Motors should be cited for criminal contempt for their repeated failures to abide by orders of this bankruptcy court.

The history of this dispute and the underlying prior proceedings leading up to the Contempt Order are detailed in the Order Concerning Interim Servicing of Accounts of Vehicle Buyers; and Order Setting Hearing on Preliminary Injunction (the "June 25 Order") (Docket no. 8), the Order Granting Motions for Preliminary Injunction and Other Emergency Relief (the "August 1 Order") (Docket no. 26), and the Contempt Order (Docket no. 47). The findings contained in the June 25 Order, August 1 Order, and the Contempt Order are adopted by reference. However, a brief overview is helpful to provide context.

Ace is a Debtor in Possession in a liquidating Chapter 11 case filed on March 15, 2018. Prior to bankruptcy, Ace was in the business of providing floorplan lending services to used car dealerships. McCoy Motors, located in York County, SC, is one of those dealerships. McCoy

owns and operates McCoy Motors. Paradoxically, Ace, the bankruptcy debtor, is acting in this adversary proceeding as a lender and secured creditor of McCoy Motors, as well as of McCoy and wife Misty McCoy, its borrowers.

In this action, Ace seeks a) turnover of its property under Bankruptcy Code Section 542, b) repossession and foreclosure of its Article 9 security interests in the property of McCoy, Misty McCoy, and McCoy Motors, and c) collection of the monies owed it by its borrowers, McCoy, Misty McCoy, and McCoy Motors, under the lending arrangement.

This action is one which Ace might pursue in the ordinary course of its business, meaning a state court would have been a better forum. However, because McCoy Motors filed a $1,431,867.32 proof of claim in Ace's bankruptcy case based on the contractual agreements at issue in this action, bankruptcy subject matter jurisdiction lies under 28 U.S.C. § 1334. As to McCoy Motors, this is a "core" matter pursuant to 28 U.S.C. § 157(b)(3). As to McCoy and Misty McCoy, this action is only "related to," and these two parties have not expressly consented to a final disposition by the bankruptcy court, nor have they filed a proof of claim against Ace. Also, there are potential jury trial rights by McCoy and Misty McCoy as to some, if not all, of Ace's claims.

Ace's Complaint sought a temporary restraining order and other emergency relief—essentially an effort to obtain judicial assistance in its UCC foreclosure action. (Docket no. 1). The initial hearing on those requests fell in a week when a full-blown evidentiary hearing could not be held. To maintain the status quo, the parties consensually entered into the June 25 Order, effectively a temporary restraining order. A preliminary injunction hearing was scheduled for July 18, 2018.

At the preliminary injunction hearing, extensive evidence was taken regarding the

allegations in Ace's Complaint. At the conclusion, this Court made a bench ruling in favor of Ace—including a finding of a substantial monetary default by the Defendants under the parties' agreements and a right by Ace to possession of the purchased accounts (11 U.S.C. § 542) and its collateral under the Uniform Commercial Code (Article 9-503 and 9-601). After receiving proposed findings from the parties, the written August 1 Order was entered. The Defendants received notice of the August 1 Order via first class mail.

On July 30, 2018, prior to entry of the August 1 Order, Ace filed its Motion for Order Finding Defendants in Contempt of June 25, 2018 Order Concerning Interim Servicing of Accounts of Vehicle Buyers (the, "First Contempt Motion"), asserting that the Defendants (including Misty McCoy) were in willful violation of the June 25 Order, having failed to account, escrow collections, and otherwise comply.

On August 31, 2018, Ace filed a Supplemental Motion for Order Finding Defendants in Contempt of June 25, 2018 Order Concerning Interim Servicing of Accounts of Vehicle Buyers; Motion for Order Finding Defendants in Contempt of August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief (the "Second Contempt Motion"), seeking to hold the Defendants (including Misty McCoy) in contempt of the June 25 Order based upon new, but similar, events, as well as seeking to hold them in contempt of the August 1 Order.

The contempt motions were heard together on September 26, 2018 with additional witness testimony taken. Ace presented substantial evidence in support of the contempt motions; whereas the Defendants produced almost no evidence of their alleged efforts to comply with the two orders. At the conclusion of the September 26, 2018 hearing, this Court made a bench ruling in favor of Ace. That ruling was memorialized in the October 19, 2018 written Contempt Order. The Contempt Order holds the Defendants, McCoy and McCoy Motors, in civil contempt for failing

4

to comply with both the June 25 Order and the August 1 Order.[1] The Contempt Order details the numerous instances of the Defendants' non-compliance with the aforementioned orders. It specifically identifies the orders' requirements as well as the evidence demonstrating the Defendants' non-compliance in its Appendix A.

The Contempt Order also afforded the Defendants an opportunity to purge and set a hearing for this purpose:

    a. "[F]ully comply[ing] with each provision of the June 25 Order and August 1 Order by specifically correcting the deficiencies highlighted in Appendix A…" within 14 days of entry of the Contempt Order;

    b. Paying a fine of $250 per day for each day beyond 14 days of entry of the Contempt Order until full compliance with the June 25 Order and August 1 Order is forthcoming; and

    c. Paying Ace's reasonable attorney fees and costs incurred in attempting to enforce the June 25 Order and August 1 Order.[2]

Exhibit A delineates with specificity the contemptors' failures to comply.

The Contempt Order was served on the Defendants on October 22, 2018. (Docket no. 48).

The Purge Hearing was conducted on November 6, 2018, whereat both sides presented additional testimony and documentary evidence. That evidence reflects that the Defendants have not in any way purged themselves of their contempt; nor have they made any effort to do so. Rather than attempting to purge, at the November 6, 2018 Purge Hearing, the Defendants sought to relitigate the issues previously addressed and ruled on at the preliminary injunction hearing and

---

[1] Misty McCoy was not found to be in civil contempt because she is but a sporatic employee of McCoy Motors and Ace was unable to link her to any failure to comply with the two Orders.
[2] Due to the time required to receive an itemization and objections, an Order taxing the Defendants with Ace's costs and attorney's fees has yet to be entered.

the September 26, 2018 hearing. Despite all evidence to the contrary, the Defendants insist that they were never actually in contempt.[3] Their only specific argument against turnover of the vehicles found on the McCoy Motors lot to Ace was McCoy's suggestion that he could not do so because the vehicles might be subject to liens superior to Ace's. That contention is not a defense. Withholding vehicles was not an option afforded to them by the Contempt Order. Furthermore, the argument is without legal merit. Ace holds a blanket security interest on all of McCoy Motors' property, including its vehicle inventory. Section 25-9-610 of the North Carolina General Statutes sets forth the rules for the disposition of collateral after default. "Disposition rights…are not limited to first-priority security interests. Rather, any secured party as to whom there has been a default enjoys the right to dispose of collateral under this section." N.C. Gen. Stat. § 25-9-10 cmt. 5 (2018); see *W. Nat. Bank of Casper v. ABC Drilling Co.*, 42 Colo. App. 407, 412, 599 P.2d 942, 946 (1979).

In short, the Defendants remain in contempt of this Court's orders, and defiantly so. The June 25 Order required the Defendants to provide full and accurate accountings, documentation showing what funds were in their possession and control as of June 21, 2018, and documentation demonstrating that they paid all collections from vehicle buyers over to the Lange Escrow Account. (Docket no. 8). To date, the Defendants have provided little to none of this information. The August 1 Order required the Defendants to stop collecting payments from Ace's customers/vehicle buyers, turn over any cash or monies to Ace, turn over any vehicles to Ace,[4]

---

[3] The Defendants never filed a reconsideration motion or appeal.

[4] This prior conclusion requires elaboration. FRBB 7064 and a state attachment law may not be employed across state lines if the action is simply one by an <u>unsecured</u> creditor to obtain a money judgment against the defendant. However, federal equitable relief is available to a <u>secured</u> creditor with a UCC security interest in the debtor's property and a right to require the debtor to assemble and make that property available when, as here, the property is located in more than one state. *Clark Equip. Co. v. Armstrong Equip. Co.*, 431 F.2d 54, 55 (5th Cir. 1970). Similarly, preliminary federal injunctive relief has been accorded to sureties to enforce collateral security provisions of their indemnity contracts. *First*

provide copies of all accounting records and bank statements to Ace, turn over any GAP refunds to Ace, and cease transferring, dissipating, concealing, moving, or disposing any assets of Ace or the Defendants. (Docket no. 26).

On this record, the Defendants appear to have violated each of these mandates. They have done everything in their power to avoid compliance and circumvent the orders. For instance, the Defendants have refused Ace access to its collateral, secreted records and assets, filed complaints in other forums, ceased business in an effort to create the appearance that they do not control or possess any assets, created a successor business in Flash Autos, attempted to delay hearings, and—although not fully supported by the evidence—attempted to harass and intimidate Ace employees and counsel for Ace through social media and bar complaints. (Docket no. 47). As of today's date, Ace has yet another motion pending containing specific averments of improper actions by McCoy and McCoy Motors undertaken since the Purge Hearing. (Docket no. 100). If these averments are true, it would appear that the Defendants (including Misty McCoy) are attempting a wholesale fraud on this Court and on Ace. This action is quickly becoming a criminal matter.

Given this, and because orders and fines have failed to secure compliance, it may be appropriate to consider incarcerating McCoy—for civil contempt in order to secure compliance and for criminal contempt "to vindicate the authority of the court." *Bradley v. Am. Houshold Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (quoting *Buffington v. Baltimore Cty., Md.*, 913 F.2d 113, 133 (4th Cir. 1990). Further, in order to compensate Ace, and to avoid even further dissipation of its property and collateral by the Defendants, it may be necessary to strike the Defendants' answers and enter default against them.

---

*Nat. Ins. Co. of Am. v. Sappah Bros. Inc.*, 771 F. Supp. 2d 569 (E.D.N.C. (2011); *Auto-Owners Ins. Co. v. Randy B. Terry, Inc.*, No. 5:12-CV-02717-TMP, 2013 WL 6583959 (N.D. Ala. Dec. 16, 2013).

At a minimum, it would be appropriate to issue a writ of assistance to secure the aid of the U.S. Marshal Service to Ace in obtaining its remaining outstanding property and vehicle collateral, located at the lot of McCoy Motors in Fort Mill, South Carolina. As detailed in the Contempt Order, this property is being withheld from Ace in contradiction to the parties' agreements and Ace's rights under 11 U.S.C. § 542 and as a secured creditor under the Uniform Commercial Code. Heretofore, no bond or security has been required of Ace by this Court as contemplated by F.R.B.P. 7064. However, with it now appearing that the property rights of third parties may be implicated (the alleged affected superior lienholders of vehicles and the unnamed landlord of McCoy Motors' Fort Mill location), the undersigned recommends that recovery assistance by the U.S. Marshals be conditioned upon Ace posting a surety bond to protect third parties from harm.

Given the number of opportunities and refusals by the Defendants to comply with prior orders of this Court, it would also appear that this has become a matter of criminal contempt. *See Blackmon v. Taylor (In re Blackmon)*, No. 314-CV-00507-RJC, 2016 WL 3679395, at *2 (W.D.N.C. July 11, 2016) ("Where it appears, however, that a defendant is unable **or unwilling** to purge his contempt, the punitive sanction of incarceration for criminal contempt may be appropriate.") (emphasis added).

It is widely acknowledged that bankruptcy courts have civil but not criminal contempt powers. *See Walters v. Burd (In re Walters)*, 868 F.2d 665, 670 (4th Cir. 1989) (holding that bankruptcy courts have civil contempt power); *see also Souther v. Tate (In re Tate)*, 521 B.R. 427, 440 (Bankr. S.D. Ga. 2014) ("Many courts interpret § 105 to grant bankruptcy courts the power to sanction civil, but not criminal, contempt."). Thus, this Court lacks the power to initiate criminal contempt proceedings against defendants and only may recommend the same to the U.S. District Court.

Furthermore, it appears that a bankruptcy judge may lack sufficient authority to hear and make a final disposition in this adversary proceeding. *See Wellness Int'l Network, Ltd. V. Sharif*, 135 S. Ct. 1932, 1940 (2015) (Bankruptcy courts may only hear and determine non-core proceedings "with the consent of all the parties to the proceeding."). While McCoy Motors has implicitly consented to the subject matter jurisdiction of this Court by filing a proof of claim, McCoy and Misty McCoy have not. *See Langenkamp v. Culp*, 498 U.S. 42 (1990) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59, and n. 14, 109 S. Ct. 2782, 2799-2800, and n. 14). It further appears that jury rights may ultimately be implicated. If this matter makes it to trial, this Bankruptcy Court would be unable to conduct the same.

If, however, noncompliance with the prior orders continues, the pretrial sanction of default may be necessary. This, too, would be a case dispositive decision and this bankruptcy court could only make a recommended order to the district court. Given these constitutional limitations, and with no small reluctance in saddling the U.S. District Court with a matter of this ilk, the undersigned recommends that the Article III Court withdraw reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) for the purpose of conducting further civil and criminal contempt proceedings in the cause.

**SO ORDERED AND RECOMMENDED.**

This Order has been signed electronically.　　　　　　　　　　United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.