# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| A C E   M O T O R   A C C E P T A N C E CORPORATION | ) ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | Case No. 18-30426 |
| | ) | |
| A C E   M O T O R   A C C E P T A N C E CORPORATION | ) ) | Chapter 11 |
| | ) | Adv. Pro. No. 18-03036 |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY MOTORS, LLC d/b/a RIDE FAST; ROBERT MCCOY, JR.; and MISTY MCCOY | ) ) ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF INTENT TO SERVE SUBPOENAS

PLEASE TAKE NOTICE that on November 30, 2018, Plaintiff Ace Motor Acceptance Corporation will cause the attached subpoenas to be served on Austin Robertson, McCoy Motors LLC and Robert McCoy III.

Dated: November 30, 2018

THE HENDERSON LAW FIRM

 /s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28204-2826
Telephone:    704.333.3444
Facsimile:    704.333.5003
Email:        henderson@title11.com

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/13)

Case 18-03036   Doc 116   Filed 11/30/18   Entered 11/30/18 15:43:15   Desc Main
Document   Page 2 of 28

# UNITED STATES BANKRUPTCY COURT

_____ Western _____    District of _____ North Carolina

In re  Ace Motor Acceptance Corporation
_____
                    Debtor                              Case No. _____ 18-30426 _____

(Complete if issued in an adversary proceeding)

Ace Motor Acceptance Corporation                    Chapter ____ 11 ____
_____
                    Plaintiff
                        v.                              Adv. Proc. No. ____ 18-3036 ____
McCoy Motors, et. al
_____
                  Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  ROBERT BRUCE MCCOY III
_____
*(Name of person to whom the subpoena is directed)*

■ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court | COURTROOM      1-4 (Whitley) |
| 401 West Trade Street | DATE AND TIME |
| Charlotte, N.C 28202 | 12/18/18                    9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/29/18

                CLERK OF COURT

                                            OR        (signature)

    _____              _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ace Motor Acceptance Corporation  , who issues or requests this subpoena, are:
James H. Henderson, 1120 Greenwood Cliff, Charlotte, N.C. 28204

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 18-03036  Doc 116  Filed 11/30/18  Entered 11/30/18 15:43:15  Desc Main
Document  Page 3 of 28

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: First Class and Certified Mail
11915 John K. Hall Way, Charlotte, N.C. 28277
_____ on *(date)* ~~11/29/18~~ ; or
                                       11.30.18

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 81.42 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: ~~11/29/18~~
      11.30.18

_____
*Server's signature*

James H. Henderson
*Printed name and title*

1120 Greenwood Cliff
Charlotte, N.C. 28204

_____
*Server's address*

Additional information concerning attempted service, etc.:

### Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**James H Henderson, P.C.**
1201 Harding Place
Charlotte, NC 28204
(704) 333-3444

Branch Banking and Trust Company
North Carolina
-66-112/531

8252

PAY TO THE
ORDER OF    ROBERT McCOY, III                                    $ 81.42

EIGHTY ONE & 42/100's                                            DOLLARS

MEMO    WITNESS/MILEAGE FEES
ACE v. McCOY et al.                          AUTHORIZED SIGNATURE

⑈008252⑈ ⑆053101121⑆ 0005112115511⑈

# UNITED STATES BANKRUPTCY COURT

_____ Western _____ District of _____ North Carolina _____

In re  Ace Motor Acceptance Corporation
_____
                    Debtor

(Complete if issued in an adversary proceeding)

Ace Motor Acceptance Corporation
_____
                    Plaintiff
                        v.
McCoy Motors, et. al
_____
                   Defendant

Case No. _____ 18-30426 _____

Chapter ____ 11 ____

Adv. Proc. No. _____ 18-3036 _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Robert B. McCoy, III, individually and as Registered Agent for Flash Autos LLC
_____
                        _(Name of person to whom the subpoena is directed)_

■ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhbiit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| 1120 Greenwood Cliff, Charlotte, N.C., 28204 | 12/14/18          5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 11/29/18 ___

           CLERK OF COURT

                                          OR

_____              _____
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Ace Motor Acceptance Corporatior  , who issues or requests this subpoena, are:

James H. Henderson, 1120 Greenwood Cliff, Charlotte, N.C., 28204

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: First Class and Certified Mail
11915 John K. Hall Way, Charlotte, NC and 3606 HWY 51, Fort Mill, S.C. 29715

_____ on *(date)* __11/29/18__ ; or
11/30/18

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 11/30/18

_____
*Server's signature*

James H. Henderson
_____
*Printed name and title*

1120 Greenwood Cliff, Charlotte, N.C. 28204

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 18-03036  Doc 116  Filed 11/30/18  Entered 11/30/18 15:43:15  Desc Main
Document  Page 8 of 28

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A TO SUBPOENA TO ROBERT McCOY III, INDIVIDUALLY AND AS REGISTERED AGENT AND MANAGING MEMBER OF FLASH MOTORS, LLC

### INSTRUCTIONS

1.      Unless otherwise stated, the relevant time period for the relevant Documents to be produced is from January 1, 2018 to present.

2.      If any part of this subpoena cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning that request.

3.      All Documents subpoenaed herein shall be produced in an orderly fashion as required by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, with appropriate markings or identification to enable the source of the Documents to be identified. If you object to any of the requests herein, state with specificity the reasons for the objection with respect to each such request.

4.      If any Document subpoenaed herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit " in lieu of any such document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authorized the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

5.      This subpoena shall be deemed to include any and all drafts and non-identical copies, together with transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

6.      Documents should be segregated according to the number in the subpoena to which you are responding or produced in the manner they are kept in the ordinary course of business.

7.      Electronically stored information (ESI) shall be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible and shall include metadata.

8.      If any privilege is claimed as to any Documents subpoenaed, state (a) the type of Document; (b) the general subject matter of the Document; (c) the date of the Document; and (d) such other information as is sufficient to identify the Document, including the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all persons or entities that received a copy of the Document.

9.      This subpoena is deemed continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be

promptly produced.

10.     Unless otherwise specified, this subpoena seeks production of Documents and Communications from January 1, 2018 through the date hereof.

11.     Unless otherwise specified, this subpoena seeks production of Documents and Communications by, between or among you and your employees, managers, representatives, advisors and third parties, without limitations.

12.     Whenever appropriate in this subpoena, the singular form of a word shall also be interpreted as its plural.

13.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of this Subpoena any information which might otherwise be construed to be outside its scope.

## DEFINITIONS

"Adversary Proceeding" shall refer to Adversary Proceeding No. 18-3036, Ace Motor Acceptance Corporation v. McCoy Motors, LLC, McCoy Motors, LLC d/b/a Ride Fast; Robert McCoy, Jr. And Misty McCoy.

"Bankruptcy Case" shall refer to Case No. 18-30426 in the United States Bankruptcy Court for the Western District of North Carolina.

"Communication" means any oral or written transmittal and/or receipt of facts, information, thoughts, inquiries, or opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements, and press releases .

"Court" shall mean the United States Bankruptcy Court for the Western District of North Carolina.

"Debtor" means Ace Motor Acceptance Corporation.

"Document" means any document or electronically stored information within the scope of Federal Rule of Civil Procedure 34(a), including but not limited to Communications, correspondence, internal or external memoranda, letters, work papers, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, records of conversations or messages, whether in writing or upon any mechanical, electrical, or electronic recording device, e-mail and phone mail messages, tape or electronic recordings, videotapes, diaries, sketches or designs, maps, appointment or telephone records, newspaper or magazine articles, press releases, banking records and notices, bill and invoices, and information of whatever kind stored on computers, including computer disks, hard drives, and other media. In all cases where originals or non-identical copies are not available, "Documents" also means identical copies of original Documents and copies of

non-identical copies.

"Flash Motors" mean Flash Motors, LLC.

"McCoy" means Robert McCoy, Jr.

"McCoy III" means Robert B. McCoy, III.

"McCoy Motors" means McCoy Motors, LLC and McCoy Motors, LLC d/b/a Ride Fast.

"Order" means the Bankruptcy Court's August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief entered in the Adversary Proceeding.

"Related Parties" means Robert McCoy, Jr., Robert B. McCoy, III, Misty McCoy, Flash Motors, LLC and any other business entity that any of the Related Parties is an employee of or has a business interest in.

"Vehicle Buyers" means the Buyers of automobiles from McCoy LLC (and/or Ride Fast) pursuant to a) Retail Installment Contracts or similar financing instrument, which have been purchased by and assigned to the Debtor; or b) financed under the Floorplan agreement with the Debtor, including but not limited to the individuals listed on Exhibit B.

## Documents TO BE PRODUCED

1.      Complete copies of all monthly bank account statements and copies of all checks or wire transfers for or related to any bank accounts, commercial savings account, or other depository institutions that Flash has and has had a full or partial interest in.

2.      The  individual pay history for each Vehicle Buyer, showing the date and amount of each payment, and the running account balance for each Vehicle Buyer.

3.      Complete copies of any Documents related to any repossession of any automobile from any Vehicle Buyer, including repo and/or sale notices sent to Vehicle Buyers and Documents showing the current location of any repossessed automobile.

4.      With respect to any repossessed automobiles which were resold, copies of all Documents related to the sale including, but not limited to a bill of sale, retail installment contract and payment history.

5.      Complete copies of any Documents concerning the collection of payments from Vehicle Buyers.

6.      Complete copies of any Documents concerning the transfer of any assets, including but not limited to motor vehicles, from McCoy Motors to Flash since August 1, 2018 and Documents showing the consideration received by any of the Defendants for such transfer.

7.      A list of all employees of Flash, with names and addresses, from August through November, 2018.

8.      Complete copies of all Documents filed by Flash with the Internal Revenue Service, including but not limited to Forms SS-4 ("Application for Employer Identification Number"), 8832, SS-8 ("Determination of Worker Status"), 940 ("Federal Unemployment Tax Return") and 941 ("Quarterly Federal Tax Return").

9.      Complete copies of all Documents filed by Flash with the South Carolina Department of Revenue, including but not limited to Forms CL-1 ("Initial Annual Report of Corporations"), retail license and application, use tax registration and application, and business tax application.

10.      Complete copies of all Documents demonstrating the amount and source of the capitalization of Flash, including Documents demonstrating how Flash paid any and all operational expenses from September 1 to November 1, 2018.

11.      A copy of South Carolina "Application for a Dealer or Wholesaler License" (SCDMV Form DLA-1) filed by Flash.

12.      A copy of the Motor Vehicle Dealer License under which Flash is operating.

13.      For each automobile sold since Flash began business, a copy of the Title Application (SCDMV Form 400)

14.      A copy of Flash's South Carolina DMV Electronic Vehicle Registration (EVR) Contract.

15.      A copy of Flash's South Carolina DMV "Service Provider Application for Electronic Vehicle Registration Titling Program"

16.      Copies of all Dealer Payment Transmittal Forms (SCDMV Form DLW-12) submitted by Flash since it began operations.

17.      A copy of the South Carolina "Affidavit of Eligibility" (SCDMV Form AD-808A) filed by Flash.

18.      A copy of Flash's Motor Vehicle Dealer and Wholesaler Surety Bond (SCDMV Form DLA-1B) with power of attorney in the name of the business with the new physical address.

19.      Copies of all city and/or county business licenses which have been obtained by Flash.

20.      Complete copies of all insurance policies, including but not limited to liability, property and casualty insurance, to which Flash is a party.

Page 4 of 5

21.    A copy of the Lease of Flash's business premises or any other real property.

22.    Complete copies of all invoices and/or statements for utility or other services, including but not limited to water, power, sewer, security, telephone, internet, for services since Flash began operations.

23.    Complete copies of all Documents relating to the incorporation of Flash, including but not limited to the Articles of Organization, Operating Agreement and any amendments or restatements thereto.

24.    Complete copies of all records relating to the payment of wages, salaries, payroll taxes and/or other benefits to employees of Flash since Flash began operations.

25.    Complete copies of any applications submitted to any party in connection with a request for a loan or any other extension of credit at any time, including but not limited to floor plan financing.

26.    Copies of any Documents showing how Flash has financed or purchased any of its inventory.

27.    Copies of any Documents concerning the registration of the website flashautosusa.com.

28.    Copies of Documents showing the payment to, and the source of the payment for, the registration of the website flashautosusa.com.

29.    Copies of any Documents showing any payments by Flash or any other person or entity to godaddy.com related to the website flashautosusa.com.

30.    Copies of any Documents showing the owner or creation of the Facebook page for Flash.

31.    A electronic copy of any and all Facebook data for, or Documents concerning, Flash Facebook page in HTML format.

32.    Copies of any Communications between the Related Parties concerning the formation of Flash Auto, including but not limited to text messages and emails.

33.    A copy of any South Carolina Form PT-100 ("Business Personal Property Return"), or York County, South Carolina Business Personal Property Return filed at any time.

*The Henderson Law Firm*

JAMES H. HENDERSON †
HENDERSON@TITLE11.COM

1120 GREENWOOD CLIFF
CHARLOTTE, NORTH CAROLINA 28204

TELEPHONE
704.333.3444

November 28, 2018

## VIA FIRST CLASS AND CERTIFIED MAIL

Mr. Austin Robertson
315 Doster Road
Lancaster, S.C. 29720

      Re:    **Subpoena to Appear and Testify**
            **December 18, 2018, U.S. Bankruptcy Court, Charlotte, N.C.**
            **Ace Motor Acceptance v. McCoy Motors, et al.**

Dear Mr. Robertson:

      Please find enclosed a Subpoena to Appear and Testify in the above referenced case, which requires you to appear and testify at a hearing in this proceeding on December 18, 2018 at 9:30 a.m. In the envelope being sent to you by first class mail, I have enclosed a check in the amount of $91.23. This represents your attendance fee of $40.00 pursuant to 28 U.S.C. §1821 and $51.23 for the 94 miles round trip from your house to the Federal Courthouse in Charlotte. Please call me if you have any questions about this subpoena and the hearing. I look forward to seeing you at 9:30 a.m. on December 18.

                Sincerely,

                *The Henderson Law Firm*

                James H. Henderson

† Certified Specialist in Business and Consumer Bankruptcy Law  •  North Carolina State Bar  •  American Board of Certification

# UNITED STATES BANKRUPTCY COURT

Western                     District of _____ North Carolina

In re Ace Motor Acceptance Corporation
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Ace Motor Acceptance Corporation
_____
Plaintiff

v.

McCoy Motors, et. al
_____
Defendant

Case No. _____ 18-30426

Chapter _____ 11

Adv. Proc. No. ____ 18-3036

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: AUSTIN ROBERTSON
_____

*(Name of person to whom the subpoena is directed)*

■ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court | COURTROOM | 1-4 (Whitley) |
|---|---|---|
| 401 West Trade Street Charlotte, N.C 28202 | DATE AND TIME 12/18/18 | 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

Evidence of all payments to you since 4/1/18 by Robert McCoy, McCoy Motors LLC and/or Flash Motors LLC

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____ 11/28/18

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ace Motor Acceptance Corporation , who issues or requests this subpoena, are:
James H. Henderson, 1120 Greenwood Cliff, Charlotte, N.C. 28204

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 18-03036   Doc 116   Filed 11/30/18   Entered 11/30/18 15:43:15   Desc Main
Document        Page 16 of 28

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: First Class and Certified Mail

315 Doster Road, Lancaster, South Carolina, 29720

_____ on *(date)* ____ 11/28/18 ____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____ 91.23 ____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: ____ 11/28/18 ____

_____
*Server's signature*

James H. Henderson
*Printed name and title*

1120 Greenwood Cliff
Charlotte, N.C. 28204

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

James H Henderson, P.C.
1201 Harding Place
Charlotte, NC 28204
(704) 333-3444

Branch Banking and Trust Company
North Carolina
66-112/531

8251

PAY TO THE
ORDER OF      AUSTIN ROBERTSON                        $91.23

NINETY ONE & 23/100's                                 DOLLARS

MEMO   WITNESS FEES
       ACE V. MCCOY

AUTHORIZED SIGNATURE

⑈008251⑈ ⑆053101121⑆:0005112115511⑈

James H Henderson, P.C.                               8251

AUSTIN ROBERTSON

ACE v. MCCOY
                    EXPENSE SLIP
       # 91.23          11/28/18
       WITNESS FEES

James H Henderson, P.C.                               8251

LMP100   M/P CHECK

B2570 (Form 2570 ... Subpoena to Produce Documents, Information ... Permit Inspection in a Bankruptcy Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____North Carolina_____

In re Ace Motor Acceptance Corporation
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Ace Motor Acceptance Corporation
_____
Plaintiff

v.

McCoy Motors, et. al.
_____
Defendant

Case No. _____18-30426_____

Chapter _____11_____

Adv. Proc. No. _____18-3036_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: McCoy Motors LLC
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| 1120 Greenwood Cliff, Charlotte, N.C. 28204 | 12/14/18     5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____11/30/18_____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ace Motor Acceptance Corporation , who issues or requests this subpoena, are:
James Henderson, 1120 Greenwood Cliff, Charlotte, N.C. 28204

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* First Class and Certified Mail

on *(date)* 11/30/18 .

☑ I served the subpoena by delivering a copy to the named person as follows: _____
11915 John K. Hall Way, Charlotte, N.C. 28277; 3606 HWY 51, Fort Mill, S.C. 29715
_____ on *(date)* _____ 11.30.18 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____ 11/30/18 _____

_____
Server's signature

James H. Henderson, attorney
Printed name and title

1120 Greenwood Cliff, Charlotte, N.C. 28204

_____
Server's address


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A TO SUBPOENA TO MCCOY MOTORS LLC

### INSTRUCTIONS

1.      Unless otherwise stated, the relevant time period for the relevant documents to be produced is from January 1, 2018 to present.

2.      If any part of this subpoena cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning that request.

3.      All Documents subpoenaed herein shall be produced in an orderly fashion as required by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, with appropriate markings or identification to enable the source of the Documents to be identified. If you object to any of the requests herein, state with specificity the reasons for the objection with respect to each such request.

4.      If any Document subpoenaed herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit " in lieu of any such document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authorized the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

5.      This subpoena shall be deemed to include any and all drafts and non-identical copies, together with transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

6.      Documents should be segregated according to the number in the subpoena to which you are responding or produced in the manner they are kept in the ordinary course of business.

7.      Electronically stored information (ESI) shall be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible and shall include metadata.

8.      If any privilege is claimed as to any Documents subpoenaed, state (a) the type of Document; (b) the general subject matter of the Document; (c) the date of the Document; and (d) such other information as is sufficient to identify the Document, including the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all persons or entities that received a copy of the Document.

9.      This subpoena is deemed continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

Page 1 of 6

10.    Unless otherwise specified, this subpoena seeks production of Documents and Communications from January 1, 2018 through the date hereof.

11.    Unless otherwise specified, this subpoena seeks production of Documents and Communications by, between or among you and your employees, managers, representatives, advisors and third parties, without limitations.

12.    Whenever appropriate in this subpoena, the singular form of a word shall also be interpreted as its plural.

13.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of this Subpoena any information which might otherwise be construed to be outside its scope.

## DEFINITIONS

"Adversary Proceeding" shall refer to Adversary Proceeding No. 18-3036, Ace Motor Acceptance Corporation v. McCoy Motors, LLC, McCoy Motors, LLC d/b/a Ride Fast; Robert McCoy, Jr. And Misty McCoy.

"Bankruptcy Case" shall refer to Case No. 18-30426 in the United States Bankruptcy Court for the Western District of North Carolina.

"Communication" means any oral or written transmittal and/or receipt of facts, information, thoughts, inquiries, or opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements, and press releases .

"Court" shall mean the United States Bankruptcy Court for the Western District of North Carolina.

"Debtor" means Ace Motor Acceptance Corporation.

"Document" means any document or electronically stored information within the scope of Federal Rule of Civil Procedure 34(a), including but not limited to Communications, correspondence, internal or external memoranda, letters, work papers, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, records of conversations or messages, whether in writing or upon any mechanical, electrical, or electronic recording device, e-mail and phone mail messages, tape or electronic recordings, videotapes, diaries, sketches or designs, maps, appointment or telephone records, newspaper or magazine articles, press releases, banking records and notices, bill and invoices, and information of whatever kind stored on computers, including computer disks, hard drives, and other media. In all cases where originals or non-identical copies are not available, "Documents" also means identical copies of original documents and copies of non-identical copies.

"Flash Motors" mean Flash Motors, LLC.

"McCoy" means Robert McCoy, Jr.

"McCoy III" means Robert B. McCoy, III.

"McCoy Motors" means McCoy Motors, LLC and McCoy Motors, LLC d/b/a Ride Fast.

"Order" means the Bankruptcy Court's August 1, 2018 Order Granting Motions for Preliminary Injunction and Other Emergency Relief entered in the Adversary Proceeding.

"Related Parties" means Robert McCoy, Jr., Robert B. McCoy, III, Misty McCoy, Flash Motors, LLC and any other business entity that any of the Related Parties is an employee of or has a business interest in.

"Vehicle Buyers" means the Buyers of automobiles from McCoy LLC (and/or Ride Fast) pursuant to a) Retail Installment Contracts or similar financing instrument, which have been purchased by and assigned to the Debtor or any other finance company; b) financed under the Floorplan agreement with the Debtor or any other finance company; c) a Retail Installment Sales Contract which was not financed by the Debtor or any other finance company.

## DOCUMENTS TO BE PRODUCED

1.      Complete copies of all monthly bank account statements for any bank accounts, commercial savings account, or other depository institutions that McCoy Motors has and/or has had a full or partial interest in.

2.      The individual pay history for each Vehicle Buyer, showing the date and amount of each payment, and the running account balance for each Vehicle Buyer.

3.      Copies of any Documents related to any repossession of any automobile from any Vehicle Buyer, including repossession and/or sale notices sent by McCoy Motors to Vehicle Buyers and documents showing the current location of any repossessed automobile.

4.      With respect to any repossessed automobiles which were resold, copies of all Documents related to the sale including, but not limited to a bill of sale, retail installment contract and payment history.

5.      Copies of all Documents concerning the collection of payments from Vehicle Buyers.

6.      Copies of any Document concerning the transfer of any assets, including but not limited to motor vehicles, of McCoy Motors Defendants since August 1, 2018 and Documents showing the consideration received by any of the Defendants for such transfer.

7.      A list of all employees of McCoy Motors from March, 2018 until the close of

business.

8.     Complete copies of federal, state and local tax returns filed from 2017 to the present.

9.     All Documents related to the sales of these seven vehicles including, but not limited to the bill of sales, original retail installment contracts, payment histories and title applications.

| VIN | YR | MAKE | MODEL |
|---|---|---|---|
| 5GZLRVED0AJ127403 | 2010 | Saturn | Outlook |
| 1FMCU9D77BKB26386 | 2011 | Ford | Escape |
| JN8AS5MY0BW681668 | 2011 | Nissan | Rogue |
| 1GCCSBF99B8135328 | 2011 | Chevrolet | Colorado |
| 2FMDK48C48BA75050 | 2008 | Ford | Edge |
| 2B3CA3CV2AH301449 | 2010 | Dodge | Charger |
| 2B3CA3CV2AH301449 | 2010 | Dodge | Charger |

10.     Copies of all Communications between McCoy and MeCoy III

11.     Copies of any Documents related to any payments or transfers from McCoy Motors to any Related Parties.

12.     A balance sheet the liabilities and assets of McCoy Motors as of March 1, 2018.

13.     A balance sheet the liabilities and assets of McCoy Motors as of November 1, 2018.

14.     A list of all creditors of, or entities have claims against, McCoy Motors (whether disputed or undisputed) including the name, address and amount which any such creditor believes to be owed.

15.     An itemized list of all assets and/or other property owned by, or in the possession of, McCoy Motors as of March 1, 2018.

16.     Complete copies of all monthly statements for any credit cards used by McCoy Motors.

17.     Complete copies of all lawsuits or other legal pleadings filed with respect to McCoy Motors.

18.     An electronic copy of any and all Facebook data for any McCoy Motors Facebook page in HTML format.

19.     A copy of any lease of business premises leased or used by McCoy Motors now or at any time during 2018.

20.   Copies of any and all Documents demonstrating compliance with South Carolina Statute § 33-44-409 (b)(1), requiring members and managers "to account to the company and to hold as trustee for it any property, profit, or benefit derived by the member in the conduct or winding up of the company's business or derived from a use by the member of the company's property, including the appropriation of a company's opportunity".

21.   Copies of any and all Documents demonstrating compliance with South Carolina Statute § 33-44-409 (b)(2), requiring members and managers " to refrain from competing with the company in the conduct of the company's business before the dissolution of the company."

22.   Copies of any and all Documents demonstrating compliance with South Carolina Statute § 33-44-806 ("Distribution of assets in winding up limited liability company's business") , providing that " the assets of the company must be applied to discharge its obligations to creditors, including members who are creditors."

23.   Copies of any and all Documents demonstrating compliance with South Carolina Statute § 33-44-807(b), requiring a dissolved limited liability company to " notify its known claimants in writing of the dissolution".

24.   Complete copies of all records relating to the payment of wages, salaries, payroll taxes and/or other benefits by McCoy Motors.

25.   Copies of any Communications between any Related Parties concerning the formation of Flash Auto, including but not limited to text messages and emails.

26.   Copies of any Documents related to the transfer of any assets to, or the use of any assets by, Flash Auto by any of the Defendants, including any consideration which was given for such transfer or use.

27.   A copy of McCoy Motors' South Carolina Form PT-100 ("Business Personal Property Return") for 2016, 2017 and 2018.

28.   A copy of McCoy Motors' York County, South Carolina business personal property return for 2016, 2017 and 2018.

29.   A copy of all Monthly and Quarterly ST-3 South Carolina Sales and Use Tax Returns.

30.   Complete copies of all 940 ("Federal Unemployment Tax Return") and 941 ("Quarterly Federal Tax Return") filed with the Internal Revenue Service.

31.   Copies of all Documents related to payments of cash received from Vehicle Buyers.

32.   Copies of all Documents related to the termination of the McCoy Motors South Carolina automobile dealers license.

Page 5 of 6

33.     For each automobile sold during 2018, a copy of the Title Application (SCDMV Form 400).

34.     Copies of any Dealer Payment Transmittal Forms (SCDMV Form DLW-12) submitted by McCoy Motors in 2018.

35.     Complete copies of all insurance policies, including but not limited to liability, property and casualty insurance, in effect at any time during 2018.

36.     Copies of any invoices or evidence of indebtedness related to payments made to any person or entity after August 1, 2018.

37.     An electronic copy of any and all Facebook data for, or Documents concerning, the Amanda Small Facebook page in HTML format.

38.     An electronic copy of any and all Facebook data for, or Documents concerning, the "Does Your Bank Help Cheaters" Facebook page in HTML format.

39.     A electronic copy of any and all Facebook data for, or Documents concerning, any Ride Fast Facebook page in HTML format.

40.     A copy of the recording made of the June 19, 2018 telephone call between Kris Lang and counsel for Ace.

41.     Copies of any Documents related to any payments made to Facebook in any way related to the Facebook pages Amanda Small, Flash, "Does Your Bank Help Cheaters", McCoy Motors, Ride Fast and Flash.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| A C E   M O T O R   A C C E P T A N C E | ) | |
| CORPORATION | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ ) | | Case No. 18-30426 |
| | ) | |
| A C E   M O T O R   A C C E P T A N C E | ) | Chapter 11 |
| CORPORATION | ) | |
| | ) | Adv. Pro. No. 18-03036 |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY MOTORS, | ) | |
| LLC d/b/a RIDE FAST; ROBERT MCCOY, | ) | |
| JR.; and MISTY MCCOY | ) | |
| | ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **NOTICE OF INTENT TO SERVE SUBPOENAS** via ECF to all parties or their attorney of record requesting notice and via first class mail as follows:

Robert McCoy, Jr.
11915 John K Hall Way
Charlotte NC 28277

Dated: November 30, 2018.

**THE HENDERSON LAW FIRM**

**/s/**James H. Henderson
James H. Henderson
State Bar No. 13536
1120 Greenwood Cliff
Charlotte NC 28204
Telephone: 704.333.3444
Email: henderson@title11.com