UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
U.S. BANKRUPTCY COURT, WDNC
DEC - 3 2018
Steven T. Salata, Clerk
Charlotte Division/CCH

| | |
|---|---|
| In Re: ) | |
| ) | Case No: 18-30426 |
| ACE MOTOR ACCEPTANCE ) | Chapter 11 |
| CORPORATION, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| | |
| ACE MOTORS ACCEPTANCE ) | |
| CORPORATION, ) | |
| ) | |
| Plaintiff. ) | Adversary Proceeding No 18-3036 |
| ) | |
| v. ) | |
| ) | |
| MCCOY MOTORS, LLC, MCCOY ) | |
| MOTORS, LLC d/b/a RIDE FAST; ) | |
| ROBERT MCCOY JR. and MISTY ) | |
| MCCOY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MOTION FOR ORDER TO DISMISS/REMOVE JAMES HENDERSON AS PLAINTIFFS/ DEBTORS ATTORNEY, REFER JAMES HENDERSON TO THE US ATTORNEY FOR PERJURY AND NC BAR FOR VIOLATION OF RULES PROFESSIONAL CONDUCT REQUEST FOR HEARING DATE OF DECEMBER 18, 2018.**

1. On November 6th James (Jim) Henderson took the stand as a witness against the Defendants. McCoy (Pro Se) asked Mr. Henderson had he sent the WSOC-TV link which reflected badly on McCoy to anyone. Henderson responded NO, McCoy pressed Mr. Henderson again trying to give him a chance to tell the truth as opposed to the lie he just told. Mr. Henderson's response this time was only to your attorney (which McCoy doesn't have since he is Pro Se). The attached exhibits will show where Mr. Henderson lied under oath and to the court sending the link to numerous people. This may seem small in some cases, but considering this lie was told by an Attorney of Approximately 30 years it is an insult to the court and was done so with Malice.

2. NC Bar Rule 3.7 discusses "LAWYER AS WITNESS" (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue: Mr. Henderson on or about June 12, 2018 sent out 125-160 letters to customers in which he specifically asked the customers to "please contact me at my email address above." Mr. Henderson also spoke to some of these customers on the phone, therefore putting himself into a position to become a likely necessary witness. He also refers to them as "AMAC Customer" which McCoy disputes and is a highly contested issue, in fact really the whole point of the Adversary Proceeding. In fact Mr. Henderson has already called himself as a witness thereby opening the door to him being called again in the future.

a. [1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.

3. Nc Bar Rule 4.4 Respect for Rights of Third Persons (Bullying) "(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."" [1] Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship." "[2] Threats, bullying, harassment, insults, slurs, personal attacks, unfounded personal accusations generally serve no substantial purpose other than to embarrass, delay, or burden others and violate this rule. Conduct that serves no substantial purpose other than to intimidate, humiliate, or embarrass lawyers, litigants, witnesses, or other persons with whom a lawyer interacts while representing a client also violates this rule. See also Rule 3.5(a) (prohibiting conduct intended to disrupt a tribunal) and Rule 8.4(d) (prohibiting conduct prejudicial to the administration of justice)."

   a. Mr. Henderson continues to bring up McCoy's son referring to him as a "20-year old college student" this is true in its words but is meant as a way to Bully and Embarrass a Third Party. It also serves no "substantial purpose" especially considering McCoy's son is about to graduate and will no longer be a "student" in less than 10 days.

   b. Mr. Henderson is also trying to use a Third Person to obtain evidence from them. By making a motion to put Flash Autos LLC into receivership. Flash Autos LLC is a Third Party and Foreign Corporation to the State of North Carolina.

4. Helping his client's violate the Judge's Order: On March 29th, 2018 Judge Whitley issued an order (Document 32) that said Robin Milestone's Salary be $7,745 per month. On November 6th, 2018 McCoy asked Mr. Milestone his current salary (Mr. Henderson objected: Why object unless you knew what was about to come and it should be public information considering his clients are in Bankruptcy). Mr. Milestone reluctantly admitted his Salary was $10,000 a month, therefore violating the Judge's previous Order. In fact Mr. Henderson approximately 6 weeks after that order requested a Bonus for

Employee's including Mr. Milestone in which Mr. Henderson states Mr. Milestones salary as $10,000 a month (Document 68). Document 68 is only 5 pages long so there is no excuse for Mr. Henderson not knowing of the change. Please keep in mind this was caught by a Pro Se Defendant with only a high school education, if legal experts and such were watching the Plaintiff's / Debtor's I feel many more items would have been caught. I also feel this is Contempt of Court and that Mr. Milestone should have to pay the money back to the Estate. However, I personally am not asking for that at this time. I think that motion should come from other parties.

Mr. Henderson who is someone that should know better with his background and Law Degree. He has shown a blatant disrespect for the court, the rules, the Defendant's (Yelling at McCoy to SHUT-UP causing him to be fined by the Judge). He has also did a disservice to his Clients/ the Estate, billing them for his NC Bar complaint. Ignorance is no excuse applies to every citizen. I feel that it especially applies to a Lawyer and member of the NC Bar.

WHEREFORE, the Defendant prays that it be granted the relief set forth herein, together with other such relief as is just under the circumstances.

## CERTIFICATE OF SERVICE

This is to certify that I this day served a copy of the attached DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER via Clerk of Court via all parties or their attorney of record requesting notice and via email and/or the United States Post Office to the following:

This 3rd day of December, 2018.

Robert McCoy
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoy@comporium.net


LANG LAW FIRM
/s/ Kristin Harmon Lang
Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2439 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203

Fax: 704-847-1452
kharmonlang@gmail.com


THE HENDERSON LAW FIRM
/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, NC 28105
Phone: 704-333-3444
Fax: 704-333-5003
henderson@title11.com


Respectfully submitted this 3rd day of December, 2018

_____
Robert McCoy Jr.
11915 John K Hall Way
Charlotte, NC 28277
Email: robmccoy@comporium.net

**Zimbra**                                                                                  robmccoy@comporium.net

## ATTN: Regina Wheeler, Re: Grievance of Robert McCoy, file no. 18GO655

**From :** Jim Henderson <henderson@title11.com>                    Thu, Aug 30, 2018 07:29 PM
**Subject :** ATTN: Regina Wheeler, Re: Grievance of                          📎2 attachments
Robert McCoy, file no. 18GO655
**To :** kjean@ncbar.gov
**Cc :** Robin Milestone <rmilestone@acemotoracceptance.com>, 'Rob McCoy' <robmccoy@comporium.net>, Kris Lang <kharmonlang@gmail.com>

```
Please add the following to the NC State Bar's file on this
matter:


   1.  August 1, 2018 Order of the US Bankruptcy Court, which
supports the legal accuracy of the comments made in the letter
which is the subject of the complaint; and
   2.  https://www.wsoctv.com/news/action-9/fort-mill-car-dealership-accused-of-
fraud-in-18-million-lawsuit/823990812, which is further evidence that the
complaining party Rob McCoy is engaging in fraudulent business
activities.

The Henderson Law Firm

James H. Henderson
1201 Harding Place
Charlotte, North Carolina 28204

T       704.333.3444
F       704.333.5003
E       henderson@title11.com<mailto:henderson@title11.com>
```

- **Unknown <text/html>**
  6 KB

- **Ace McCoy August 1 ORDER preliminary injunction.pdf**
  217 KB

**Zimbra**                                                                      **robmccoy@comporium.net**

### RE: Ace Motor Acceptance v McCoy

**From:** Jim Henderson <henderson@title11.com>                    Thu, Aug 30, 2018 07:12 PM
**Subject:** RE: Ace Motor Acceptance v McCoy                      🖉 1 attachment
**To:** Derrick Jackson <dj@tobywardlaw.com>
**Cc:** Robin Milestone <rmilestone@acemotoracceptance.com>, Russ Algood <russ@acemotoracceptance.com>, Michael Martinez <mmartinez@grierlaw.com>, Shelley_Abel <shelley_abel@ncwba.uscourts.gov>, Kris Lang <kharmonlang@gmail.com>, 'Rob McCoy' <robmccoy@comporium.net>, Robin Milestone <rmilestone@acemotoracceptance.com>

FYI https://www.wsoctv.com/news/action-9/fort-mill-car-dealership-accused-of-fraud-in-18-million-lawsuit/823990812

```
The Henderson Law Firm

James H. Henderson
1201 Harding Place
Charlotte, North Carolina 28204

T      704.333.3444
F      704.333.5003
E      henderson@title11.com<mailto:henderson@title11.com>

From: Jim Henderson
Sent: Wednesday, August 29, 2018 12:59 PM
To: Derrick Jackson <dj@tobywardlaw.com>
Cc: Robin Milestone <rmilestone@acemotoracceptance.com>; Russ
Algood <russ@acemotoracceptance.com>; Michael Martinez
<mmartinez@grierlaw.com>; Shelley_Abel
<shelley_abel@ncwba.uscourts.gov>
Subject: Fwd: Ace Motor Acceptance, NextGear issues

Derrick, my client has cross checked its records against the 79
vehicles on the attached two lists and none of the vehicles
appear to be collateral for any of the retail installment
contracts that Ace purchased from McCoy Motors. Does NextGear
own contracts related to these vehicles, or does NextGear have a
```

lien on the title to these vehicles? If so, please send
documents demonstrating that.
If the vehicles are not subject to specific lien of NextGear,
there is another issue that needs to be addressed in responding
to your request that I "...verify with your client if it
contends any of these are subject to its security interests and
if so, which ones." I'm copying email to the attorney for the
Unsecured Creditor's Committee and to the US Bankruptcy
Administrator (our version of US Trustee) so they can provide
any input they may have about my response to that request.
I believe you've reviewed Judge Whitley's August 1 order in the
McCoy adversary proceeding. It finds that Ace has a properly
perfected security interest in all of the assets of McCoy
Motors, including inventory. So if the vehicles on the lists
attached to your email are in the McCoy Motors' inventory, Ace's
secured interest in those vehicles is property of the bankruptcy
estate. In looking over the South Carolina UCC filings (summary
attached), I don't see Nextgear Capital. I do see that AMAC is
way down the list and suspect that AMAC is "out of the money" as
to most if not all of McCoy Motors' personal property. However,
before I can address your request and figure out what to do
(i.e. perhaps consent order granting relief from stay), I need
to do due diligence as to i) the value of the vehicles and ii)
the amount of the debt owed to McCoy Motors' creditors which
have liens with priority over AMAC's lien. If there is no equity
in any of the vehicles for AMAC, then AMAC's lien is worthless
and we may be able to work towards a consent order even if
NextGear doesn't have a UCC filed.

Jim Henderson
The Henderson Law Firm, PLLC

---

From: Derrick Jackson
<dj@tobywardlaw.com<mailto:dj@tobywardlaw.com>>
Sent: Monday, August 27, 2018 5:30 PM
To: Jim Henderson
Subject: Ace Motor Acceptance vs. McCoy Motors, LLC

Jim:

Thank you for speaking with me this afternoon.  As we discussed,
I
represent NextGear Capital who is a floorplan financier for
McCoy Motors, LLC.  Our client would like us to do a claim
and delivery action on its collateral, but of course we don't
want to do anything against property of the bankruptcy estate.

Attached is an inventory detail report for Ride Fast showing
a description and VIN # for our collateral.  Please verify
with your client if it contends any of these are subject to

its security interests and if so, which ones.

As you know in these kinds of cases, time is of the essence.

Thanks for your help.

J. Derrick Jackson
Tobias G. Ward, Jr. PA
Post Office Box 50124
Columbia, SC 29250
(803) 708-4200 (Phone)
(803) 403-8754 (Fax)
dj@tobywardlaw.com<mailto:dj@tobywardlaw.com>

- **Unknown <text/html>**
  13 KB

|  | March | April | May | June | July |
|---|---|---|---|---|---|
| Average Receivables | 28,836,369 | 26,689,403 | 20,603,758 | 13,672,895 | 8,277,703 |
|  | 1 | 0.93 | 0.71 | 0.47 | 0.29 |
|  | (0.07) | (0.21) | (0.24) | (0.19) | (0.10) |
| **G&A EXPENSES** |  |  |  |  |  |
| **Fixed** |  |  |  |  |  |
| RENT | 12,600 | 12,600 | 12,600 | 12,600 | 12,600 |
| Lease Maintenance | 400 | 400 | 400 | 400 | 400 |
| INSURANCE | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| DATA PROCESSING | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 |
| LICENSES & TAXES | 2,417 | 2,417 | 2,417 | 2,417 | 2,417 |
| LEGAL/PROFESSIONAL FEES | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| TRAVEL | 500 | 500 | 500 | 500 | 500 |
| **Variable** |  |  |  |  |  |
| Debit Card Administrative Fee | 7,058 | 6,532 | 5,043 | 3,346 | 2,026 |
| UTILITIES | 3,000 | 2,777 | 2,144 | 1,422 | 861 |
| TELEPHONE | 12,172 | 11,266 | 8,697 | 5,771 | 3,494 |
| SUPPLIES | 1,500 | 1,388 | 1,072 | 711 | 431 |
| POSTAGE | 4,266 | 3,948 | 3,048 | 2,023 | 1,225 |
| TRAINING | 1,198 | 1,109 | 856 | 568 | 344 |
| OUTSIDE SERVICES | 10,287 | 9,521 | 7,350 | 4,877 | 2,953 |
| Repossession Expense | 13,483 | 12,479 | 9,634 | 6,393 | 3,870 |
| COLLECTION EXPENSE | 1,602 | 1,483 | 1,145 | 760 | 460 |
| Floor Plan Expense | 2,702 | 2,501 | 1,930 | 1,281 | 776 |
| **TOTAL G&A EXPENSES** | 88,185 | 83,921 | 71,835 | 58,071 | 47,356 |
|  |  |  |  |  |  |
| **Payroll** |  |  |  |  |  |
| NERFETTIE ELLIS-JORDAN | 5,839 | 5,839 | 5,839 | 5,839 | 5,839 |
| TIUANT BENNETT | 2,961 | 2,961 | 2,961 | 2,961 | 2,961 |
| JAY DEVINE | 2,862 | 2,862 | 2,862 | 2,862 | 2,862 |
| MICHAEL EVANS | 3,975 | 3,975 | 3,975 | 3,975 | 3,975 |
| CHASITIE GAINEY | 3,985 | 3,985 | 3,985 | 3,985 | 3,985 |
| SHANNON MARTINEZ | 3,468 | 3,468 | 3,468 | 3,468 | 3,468 |
| LORENA MOLINA | 3,491 | 3,491 | 3,491 | 3,491 | 3,491 |
| JAIR MORALES SALAZAR | 2,961 | 2,961 | 2,961 | 2,961 | 2,961 |
| DENYS SENICH | 2,455 | 2,455 | 2,455 | 2,455 | 2,455 |
| ANAUSHEYA SMITH | 2,369 | 2,369 | 2,369 | 2,369 | 2,369 |
| *ROBIN MILESTONE | 7,745 | 7,745 | 7,745 | 7,745 | 7,745 |
| SHANOVAN REDDICK | 3,575 | 3,575 | 3,575 | 3,575 |  |
| ROBERT TROY | 3,662 | 3,662 | 3,662 | 3,662 |  |
| STEPHANIE CATE | 7,652 | 7,652 | 7,652 |  |  |
| DEBORAH DUFFY | 3,532 | 3,532 | 3,532 |  |  |
| DAVID ALGOOD | 12,027 | 12,027 | 6,000 | 6,000 |  |
| BEN COLLISON | 5,134 |  |  |  |  |
| CARLA MOREFIELD | 4,051 | 4,051 | 4,051 | 4,051 |  |
| ROSE MASSEY | 2,661 | 2,661 |  |  |  |
| RACHEL PILLAR | 5,655 | 5,655 | 5,655 | 5,655 | 5,655 |
| NICOLE GREGORY | 4,083 | 4,083 | 4,083 | 4,083 |  |
| ANTHONY IANNACONE | 3,391 | 3,391 | 3,391 |  |  |
| ERIC COGSWELL | 5,715 | 5,715 | 5,715 |  |  |

Exhibit C

From Document 32 of Main proceeding

| Employee | Title | Responsibilities | Risk of Departure | Annual Salary | Hourly Rate | Est Monthly | Retention | Retention Formula |
|---|---|---|---|---|---|---|---|---|
| Robin Milestone | Director of Operations | Lead role in portfolio liquidation. Ability to navigate through the weeds of defaulting dealers. Only employee remaining with vast knowledge of executing the dealer agreement. | Favorable results for all creditors would be dramatically reduced and losses would increase. It's believed many employees would rather no longer work at AMAC than continue working without his direction. In the words of the accounting mgr Everyone else would huddle in a corner, cry and beg him to take us with him. Nobody wants to do his job! | $ 120,000.00 | | $ 10,000.00 | $ 10,000.00 | 1 month |
| Rachel Polar | Accounting/HR Manager | Key to financial reporting weekly, monthly, etc. In addition to payroll, benefits and various other HR related duties. | One misstep on payroll would cause a mass exodus. Replacing her would be nearly impossible to understand internal accounting practices and extremely expensive. Even a short term absence could be crippling. To understand this job and our industry specific software would take 6+ months to begin to understand how the pieces all work together. | $ 60,000.00 | | $ 5,000.00 | $ 15,000.00 | 3 months- Unable to replace and no back-up |
| Trenette Ellis-Jordan | Customer Service Manager | Manages aspects of AMAC portfolio servicing from scheduling, training and repossessions. | Loyal employees will likely leave if she leaves. If others leave first, she will be required to source temp employees. | $ 55,000.00 | | $ 4,583.33 | $ 7,500.00 | approx 1 1/2 months |
| Stephanie Cate | Titles/Liquidation Specialist | Titles & Portfolio liquidation support for Robin Milestone. Steph has over 20 years experience in auto finance with vast overall knowledge and innate ability to learn and understand a variety of roles. | Backup knowledge of title processing related to lien release requirements. Stepping into liquidation specialist role that loss would delay/reduce likelihood of a smooth and most successful liquidation. | $ 75,000.00 | | $ 6,250.00 | $ 6,250.00 | 1 month |
| Carla Moorefield | Titles | Final remaining member of title department. Working on training other employee on title process. | Backup knowledge of title processing related to lien release requirements. | | $ 18.00 | $ 3,120.00 | $ 3,000.00 | approx 1 month |
| Rob Troy | Dealer Service Rep | Manage day to day liquidation of portfolio with dealers related to buybacks, assisting dealers with posting payments and monitoring red flags. | More day to day work would fall onto Robin Milestone and take away his time spent with | | $ 18.75 | $ 3,250.00 | $ 3,550.00 | approx 1 month |
| Mike Evans | Dealer Service Rep/Customer Service Rep | Most flexible rep in the building skilled to work with customers or dealers. | Negative effect on bench strength and flexibly for the department | | $ 16.50 | $ 2,860.00 | $ 3,500.00 | approx 1 month |
| Osagie Gainey | Customer Service Rep. High Risk Accounts | Strongest skill set in the building handling high risk accounts. | Her departure would lead to fewer available repos and more straight charge off skip loses | | $ 17.00 | $ 2,946.67 | $ 3,000.00 | approx 1 month |
| Nicole Gregory | Accounting | Prepares the weekly with dealer statements, HR backup for payroll, processes daily ACH transactions, manages the entire Accounts Payable for AMAC. | Her presence allows the Accounting/HR Manager the freedom to handle all issues related to the BK as well as payroll and the monthly financial statement reporting. Her departure would force the manager to sideline several key tasks to cover the workload | | $ 17.50 | $ 3,033.33 | $ 4,550.00 | 1.5 months- Main accounting backup- Replacement extremely challenging |

Exhibit D

From Document 68 of the main Proceeding

# The Henderson Law Firm

1201 HARDING PLACE
CHARLOTTE, NORTH CAROLINA 28204

TELEPHONE
704.333.3444

JAMES H. HENDERSON †
HENDERSON@TITLE11.COM

June 12, 2018

Dear AMAC Customer,

I represent Ace Motor Acceptance Corporation ("AMAC") in connection with a Chapter 11 bankruptcy case, pending in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, as Case No. 18-30426.

I am writing to you regarding the automobile you purchased from McCoy Motors and/or Ride Fast. AMAC previously purchased your retail installment contract from the dealer. AMAC previously supplied you with a copy of the purchased contract, along with written notice dated 5/17/18. Additionally, a second written notice was mailed to you by AMAC stating that ***McCoy Motors LLC and Ride Fast are no longer authorized to accept any of your payments.*** You should not make do not make any further payments to the dealer directly or indirectly, because your contract belongs to AMAC, and AMAC cannot guarantee any payments made to the dealership will be credited to your account.

AMAC being in a bankruptcy proceeding has nothing to do with the proper application of your payments, and any suggestion otherwise by McCoy Motors is contrary to the U.S. Bankruptcy Code. If you have any questions or concerns, please contact me at my email address above. Unfortunately, due to fact that I work alone means that I won't be able to answer telephone calls.

Sincerely,

**The Henderson Law Firm**

/s/ Jim Henderson

† Certified Specialist in Business and Consumer Bankruptcy Law · North Carolina State Bar · American Board of Certification