UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No: 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | | |
| ACE MOTORS ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No 18-3036 |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |

*FILED U.S. Bankruptcy Court of NC DEC -6 2018 Steven T. Salata, Clerk Charlotte Division*

**MOTION OF ORDER TO SHORTEN NOTICE EMERGENCY, TO QUASH ALL SUBPOENAS FROM DOCUMENT'S # 116 AND 119. REQUEST FOR THE COURT TO MAKE A RULING BEFORE THEY ARE SENT OUT BY PLAINTIFF OR HEARING DATE OF DECEMBER 18TH, 2018 or sooner, and to Sanction Plaintiff's Attorney along with Referral to NC Bar**

1. NC BAR: "Rule 4.4 Respect for Rights of Third Persons" states the following "2014 Formal Ethics Opinion 7. Opinion rules that a lawyer may provide a foreign entity or individual with a North Carolina subpoena accompanied by a statement/letter explaining that the subpoena is not enforceable in the foreign jurisdiction, the recipient is not required to comply with the subpoena, and the subpoena is being provided solely for the recipient's records." It looks to the Defendant that every subpoena is either being sent to foreign entity or individual or the documents requested are for a foreign entity. In either case we do not see where Plaintiff's counsel submitted the required letter explaining their rights. Therefore I request that all subpoenas from Document 116 and 119 be Quashed.

Yes. Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. RPC 236 provides that it is false and deceptive for a lawyer to use the subpoena process to mislead the custodian of documentary evidence as to the lawyer's authority to require the production of such documents. 2010 FEO 2 prohibits a lawyer's use of a subpoena to request medical records under the authority of Rule 45 knowing that the North Carolina subpoena is unenforceable. 2010 FEO 2 explains that if "the North Carolina subpoena is not enforceable out of state, the lawyer may not misrepresent to the out of state health care provider that it must comply with the subpoena."

RPC 236 and 2010 FEO 2 prohibit a lawyer from making misrepresentations to the subpoena recipient that the lawyer has the legal authority to issue the subpoena under Rule 45 or misleading the recipient as to whether compliance with the subpoena is required by law.

If the subpoena is accompanied by a statement/letter explaining that the subpoena is not enforceable in the foreign jurisdiction, the recipient is not required to comply with the subpoena, and the subpoena is being provided solely for the entity's records, the lawyer has not made misrepresentations to, nor misled, the subpoena recipient. The subpoena recipient is aware that it cannot be compelled to comply with the subpoena and may determine whether to provide the requested documents voluntarily.

3. By not sending the letter we believe that Plaintiff's Attorney has participated in "Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. RPC 236 provides that it is false and deceptive for a lawyer to use the subpoena process to mislead the custodian of documentary evidence as to the lawyer's authority to require the production of such documents." We believe Plaintiff's Attorney should be sanctioned by the court and referred to NC Bar for disciplinary action.

4. The Defendant respectfully ask the court for Emergency to shorten the Notice Due to the unexpected hours of the clerk's office and Defendant being Pro Se cannot file online.

WHEREFORE, the Defendant prays that it be granted the relief set forth herein, together with other such relief as is just under the circumstances.

## CERTIFICATE OF SERVICE

This is to certify that I this day served a copy of the attached DEFENDANT'S MOTION TO QUASH ALL SUBPOENAS FROM DOCUMENT'S # 116 AND 119. REQUEST FOR THE COURT TO MAKE A RULING BEFORE THEY ARE SENT OUT BY PLAINTIFF OR HEARING DATE OF DECEMBER 18TH, 2018 or sooner, and to Sanction Plaintiff's Attorney along with Referral to NC Bar via Clerk of Court via all parties or their attorney of record requesting notice and via email and/or the United States Post Office to the following:

This 6th day of December, 2018.

*[signature]*

Robert McCoy
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoy@comporium.net


LANG LAW FIRM
/s/ Kristin Harmon Lang
Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2439 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203
Fax: 704-847-1452
kharmonlang@gmail.com


THE HENDERSON LAW FIRM
/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, NC 28105
Phone: 704-333-3444
Fax: 704-333-5003
henderson@title11.com


Respectfully submitted this 6th day of December, 2018

*[signature]*

Robert McCoy Jr.
11915 John K Hall Way
Charlotte, NC 28277
Email: robmccoy@comporium.net