Official Form 417A (12/18)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

*FILED*
U.S. BANKRUPTCY COURT, WDNC
DEC 14 2018
Steven T. Salata, Clerk
Charlotte Division/CCH

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   ROBERT MCCOY JR. (Pro Se)

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❑ Plaintiff | |
| ☒ Defendant | ❑ Debtor |
| ❑ Other (describe) _____ | ❑ Creditor |
| | ❑ Trustee |
| | ❑ Other (describe) _____ |

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:  Adv. Pro. No. 18-03036 Document # 130

2. State the date on which the judgment, order, or decree was entered:  DECEMBER 14TH, 2018

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: ACE MOTOR ACC. CORP.  Attorney:  JAMES H. HENDERSON
   111 Cupped oak Dr #F
   Matthews, NC 28104
   1120 GREENWOOD CLIFF
   CHARLOTTE, NC 28204
   704-333-3444 HENDERSON@TITLE11.COM

2. Party: MCCOY MOTORS, LLC  Attorney:  KRISTIN HARMON LANG
   Mccoy Motors, llc dba Ride Fast
   Robert Mccoy Jr.
   Misty Mccoy
   11915 John K. Hall Way
   Charlotte, NC 28277
   2435 PLANTATION CENTER DR # 205
   MATTHEWS, NC 28105
   704-907-2203 KHARMONLANG@GMAIL.COM

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_(Pro se)_

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: 12/14/18

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Robert McCoy Jr. (Pro se)
11915 John K Hall Way
Charlotte NC 28277
803-577-9779    robmccoy@comporium.net

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No: 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ACE MOTORS ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff. | ) | Adversary Proceeding No 18-3036 |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**EMERGENCY MOTION FOR APPEAL AND ORDER SHORTENING NOTICE, MOTION FOR ORDER TO STAY / CONTINUE THE HEARING ON DECEMBER 18TH , 2018 UNTIL AFTER THIS APPEAL IS HEARD, MOTION TO QUASH SUBPONEAS FROM DOCUMENTS # 116 AND #119. APPEAL OF DENIAL OF MOTIONS #125 AND #128.**

Background: I (McCoy) am only appealing the Motion to Deny Motions #125 and #128 at this time, I would like to reserve the right for further appeals. I don't think the Bankruptcy court gave any latitude to my being a Pro Se Defendant. However not only do I feel the Bankruptcy Court was wrong in the Denial of the Motions, I will also provide further evidence below.

1. Rule 45 Subpoena- (1) Form and Contents. (D), (4) *"Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Plaintiff's Counsel submitted the "Proof of Service" at the same time he submitted the Intent to serve to the Court. Therefore it's physically impossible for him to meet the Rule 45 requirements, either he had not Served the Party (thereby committing Perjury) or he had served them before serving the "Parties" (thereby violating the above quoted Rule). (Please see exhibit E page 3).

2. (b) Service – "(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena." Plaintiff's Counsel would be considered "A Party" and therefore unable to serve the Subpoenas, yet on Exhibit E page 3 he signed under penalty of Perjury that he did. I believe this rule is very important because Defense should be able to call as a witness the serving party and generally if an Attorney is a witness they cannot represent anyone in the case.

WHEREFORE, the Defendant prays that it be granted the relief set forth herein, together with other such relief as is just under the circumstances.

CERTIFICATE OF SERVICE

This is to certify that I this day served a copy of the attached DEFENDANT'S EMERGENCY MOTION FOR APPEAL AND ORDER SHORTENING NOTICE, MOTION FOR ORDER TO STAY / CONTINUE THE HEARING ON DECEMBER 18TH, 2018 UNTIL AFTER THIS APPEAL IS HEARD, MOTION TO QUASH SUBPONEAS FROM DOCUMENTS # 116 AND #119. APPEAL OF DENIAL OF MOTIONS #125 AND #128. via Clerk of Court via all parties or their attorney of record requesting notice and via email and/or the United States Post Office to the following:

This 14th day of December, 2018.

Robert McCoy Jr.
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoy@comporium.net

LANG LAW FIRM
/s/ Kristin Harmon Lang
Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2439 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203
Fax: 704-847-1452
kharmonlang@gmail.com


THE HENDERSON LAW FIRM
/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, NC 28105
Phone: 704-333-3444
Fax: 704-333-5003
henderson@title11.com


Respectfully submitted this 14th day of December, 2018


_____
Robert McCoy Jr.
11915 John K Hall Way
Charlotte, NC 28277
Email: robmccoy@comporium.net

FILED & JUDGMENT ENTERED
Steven T. Salata

December 14 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Exhibit
A

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Ace Motor Acceptance Corporation, | ) | **Chapter 11** |
| | ) | **Case No. 18-30426** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Ace Motor Acceptance Corporation, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **No. 18-03036** |
| | ) | |
| McCoy Motors, LLC; | ) | |
| McCoy Motors, LLC, d/b/a Ride Fast; | ) | |
| Robert McCoy, Jr.; and Misty McCoy | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** is before the Court on the Motion of Order to Reconsider, Shorten Notice

Emergency, to Quash All Subpoenas from Documents #116 and #119.  Request for the Court to

Make a Ruling Before They are Sent Out by Plaintiff or Hearing Date of December 18th, 2018 or

Sooner (the "Motion") filed by Defendant Robert McCoy, Jr. ("McCoy") on December 12, 2018.

The Motion does not demonstrate any grounds to reconsider under Federal Rule of Bankruptcy Procedure 9024 or Federal Rule of Civil Procedure 60.  Accordingly, the Motion is **DENIED**.

**SO ORDERED**.

This Order has been signed
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

United States Bankruptcy Court

Exhibit A
cont.

FILED
U.S. BANKRUPTCY COURT, WDNC
DEC 1 2 2018
Steven T. Salata, Clerk
Charlotte Division/CCH

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No: 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | | |
| ACE MOTORS ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No 18-3036 |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION OF ORDER TO RECONSIDER, SHORTEN NOTICE EMERGENCY, TO
QUASH ALL SUBPOENAS FROM DOCUMENT'S # 116 AND #119. REQUEST FOR
THE COURT TO MAKE A RULING BEFORE THEY ARE SENT OUT BY
PLAINTIFF OR HEARING DATE OF DECEMBER 18TH, 2018 OR SOONER.**

Background: First, McCoy (Pro Se) would like to apologize to the court, it was McCoy's
understanding that both NC and Federal Rules / Laws applied in the Western District of NC.
(Example: Being that McCoy cannot represent his company due to a NC Law, also Plaintiffs'
counsel referenced NC law when asking for a receiver for McCoy and Flash, even thou Federal
Law has its own Law for Receivership 28 U.S. Code § 3103).

Therefore we ask the court to reconsider the motion to Quash all subpoenas from
Documents #116 and #119 based on the following below. We understand there doesn't seem to
be a law that requires the court to reconsider, however there does seem to be precedent.

1



1. Plaintiffs' counsel consistently refers to "Parties" as "The following documents related to *McCoy Motors, LLC; Ride Fast; Flash Motors LLC; Robert Bruce McCoy, Jr.; Robert Bruce McCoy, III and Misty McCoy* (the "Parties") for the time period from January 1, 2017 to present:" (Just 1 example Document 119 page 10 of 46). Flash nor McCoy III are parties to this proceeding.

2. Next Plaintiffs' counsel was supposed to serve the Notice of Intent to serve before actually serving the Subpoenas. However you can see on document #116 page 7 of 28 and the same seems to apply to every other Subpoena Plaintiff's counsel issued, Mr. Henderson signed under penalty of perjury that he had already served the Subpoena's (this is before giving the defendants a chance to even review the Notice of Intent).

3. Mr. Henderson marked the box "I served the subpoena by delivering a copy to the named person as follows". However this only shows that Mr. Henderson sent mail out not that anyone actually received said mail or who received it.

4. Request that anything Plaintiffs' attorney receives due to these subpoenas be unopened and destroyed.

WHEREFORE, the Defendant prays that it be granted the relief set forth herein, together with other such relief as is just under the circumstances.

CERTIFICATE OF SERVICE

This is to certify that I this day served a copy of the attached DEFENDANT'S MOTION OF ORDER TO RECONSIDER, SHORTEN NOTICE EMERGENCY, TO QUASH ALL SUBPOENAS FROM DOCUMENT'S # 116 AND #119. REQUEST FOR THE COURT TO MAKE A RULING BEFORE THEY ARE SENT OUT BY PLAINTIFF OR HEARING DATE OF DECEMBER 18TH, 2018 OR SOONER. via Clerk of Court via all parties or their attorney of record requesting notice and via email and/or the United States Post Office to the following:

This 12th day of December, 2018.

Robert McCoy Jr.
mccoymotors a live.com
mnmccoy a hotmail.com
robmccoy a comporium.net

LANG LAW FIRM
/s/ Kristin Harmon Lang

2

EXhibit
B-cont

Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2439 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203
Fax: 704-847-1452
kharmonlang@gmail.com


THE HENDERSON LAW FIRM
/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, NC 28105
Phone: 704-333-3444
Fax: 704-333-5003
henderson@title11.com


Respectfully submitted this 12th day of December, 2018


Robert McCoy Jr.
11915 John K Hall Way
Charlotte, NC 28277
Email: robmccoy@comporium.net

3

Exhibit
B-cont

FILED & JUDGMENT ENTERED
Steven T. Salata

December 11 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Ace Motor Acceptance Corporation,** | ) | **Chapter 11** |
| | ) | **Case No. 18-30426** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **Ace Motor Acceptance Corporation,** | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | **Adversary Proceeding** |
| v. | ) | **No. 18-03036** |
| | ) | |
| **McCoy Motors, LLC;** | ) | |
| **McCoy Motors, LLC, d/b/a Ride Fast;** | ) | |
| **Robert McCoy, Jr.; and Misty McCoy** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION

**THIS MATTER** is before the Court on the Motion of Order to Shorten Notice Emergency,

to Quash All Subpoenas from Documents #116 and 119.  Request for the Court to Make a Ruling

Before They are Sent Out by Plaintiff or Hearing Date of December 18th, 2018 or Sooner, and to


Exhibit
C

Sanction Plaintiff's Attorney Along with Referral to NC Bar (the "Motion") filed by Defendant Robert McCoy, Jr. ("McCoy") on December 6, 2018.

Although McCoy suggests that it is necessary for the subpoenas to be accompanied by a letter in order to be enforceable in a foreign jurisdiction, this is not an accurate statement of the applicable law. These are Federal subpoenas under Federal Rule of Civil Procedure Rule 45, not State subpoenas. The letter referenced in the Motion is not required for a Federal subpoena. Rule 45 provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition…within 100 miles of where the person resides, is employed, or regularly transacts business in person…." Thus, the subpoenas issued by the Plaintiff's counsel were properly issued and are enforceable. Accordingly, the Motion is **DENIED**.

**SO ORDERED**.

This Order has been signed                                                    United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.



2

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

FILED
U.S. Bankruptcy Court
of NC

DEC -6 2018    CCH

Steven T. Salata, Clerk
Charlotte Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No: 18-30426 |
| ACE MOTOR ACCEPTANCE | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ACE MOTORS ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No 18-3036 |
| | ) | |
| v. | ) | |
| | ) | |
| MCCOY MOTORS, LLC, MCCOY | ) | |
| MOTORS, LLC d/b/a RIDE FAST; | ) | |
| ROBERT MCCOY JR. and MISTY | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION OF ORDER TO SHORTEN NOTICE EMERGENCY, TO QUASH ALL
SUBPOENAS FROM DOCUMENT'S # 116 AND 119. REQUEST FOR THE COURT
TO MAKE A RULING BEFORE THEY ARE SENT OUT BY PLAINTIFF OR
HEARING DATE OF DECEMBER 18TH, 2018 or sooner, and to Sanction Plaintiff's
Attorney along with Referral to NC Bar**

1.  **NC BAR: "Rule 4.4 Respect for Rights of Third Persons"** states the following "2014 Formal
    Ethics Opinion 7. Opinion rules that a lawyer may provide a foreign entity or individual with a
    North Carolina subpoena accompanied by a statement/letter explaining that the subpoena is not
    enforceable in the foreign jurisdiction, the recipient is not required to comply with the subpoena,
    and the subpoena is being provided solely for the recipient's records." It looks to the Defendant
    that every subpoena is either being sent to foreign entity or individual or the documents requested
    are for a foreign entity. In either case we do not see where Plaintiff's counsel submitted the
    required letter explaining their rights. Therefore I request that all subpoenas from Document 116
    and 119 be Quashed.

EXHibit
W

Yes. Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. RPC 236 provides that it is false and deceptive for a lawyer to use the subpoena process to mislead the custodian of documentary evidence as to the lawyer's authority to require the production of such documents. 2010 FEO 2 prohibits a lawyer's use of a subpoena to request medical records under the authority of Rule 45 knowing that the North Carolina subpoena is unenforceable. 2010 FEO 2 explains that if "the North Carolina subpoena is not enforceable out of state, the lawyer may not misrepresent to the out of state health care provider that it must comply with the subpoena."

RPC 236 and 2010 FEO 2 prohibit a lawyer from making misrepresentations to the subpoena recipient that the lawyer has the legal authority to issue the subpoena under Rule 45 or misleading the recipient as to whether compliance with the subpoena is required by law.

If the subpoena is accompanied by a statement/letter explaining that the subpoena is not enforceable in the foreign jurisdiction, the recipient is not required to comply with the subpoena, and the subpoena is being provided solely for the entity's records, the lawyer has not made misrepresentations to, nor misled, the subpoena recipient. The subpoena recipient is aware that it cannot be compelled to comply with the subpoena and may determine whether to provide the requested documents voluntarily.

3. By not sending the letter we believe that Plaintiff's Attorney has participated in "Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. RPC 236 provides that it is false and deceptive for a lawyer to use the subpoena process to mislead the custodian of documentary evidence as to the lawyer's authority to require the production of such documents." We believe Plaintiff's Attorney should be sanctioned by the court and referred to NC Bar for disciplinary action.

4. The Defendant respectfully ask the court for Emergency to shorten the Notice Due to the unexpected hours of the clerk's office and Defendant being Pro Se cannot file online.

WHEREFORE, the Defendant prays that it be granted the relief set forth herein, together with other such relief as is just under the circumstances.

## CERTIFICATE OF SERVICE

This is to certify that I this day served a copy of the attached DEFENDANT'S MOTION TO QUASH ALL SUBPOENAS FROM DOCUMENT'S # 116 AND 119, REQUEST FOR THE COURT TO MAKE A RULING BEFORE THEY ARE SENT OUT BY PLAINTIFF OR HEARING DATE OF DECEMBER 18TH, 2018 or sooner, and to Sanction Plaintiff's Attorney along with Referral to NC Bar via Clerk of Court via all parties or their attorney of record requesting notice and via email and/or the United States Post Office to the following:

Exhibit
D- Cont.

This 6th day of December, 2018.

Robert McCoy
mccoymotors@live.com
mnmccoy@hotmail.com
robmccoy@comporium.net


LANG LAW FIRM
/s/ Kristin Harmon Lang
Kristin Harmon Lang, Esquire
North Carolina Bar No.: 20539
2439 Plantation Center Drive
Matthews, NC 28105
Phone: 704-907-2203
Fax: 704-847-1452
kharmonlang@gmail.com


THE HENDERSON LAW FIRM
/s/ James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte, NC 28105
Phone: 704-333-3444
Fax: 704-333-5003
henderson@title11.com


Respectfully submitted this 6th day of December, 2018

Robert McCoy Jr.
11915 John K Hall Way
Charlotte, NC 28277
Email: robmccoy@comporium.net

Exhibit
D-cant

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| A C E   M O T O R   A C C E P T A N C E ) | |
| CORPORATION ) | |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | Case No. 18-30426 |
| ) | |
| A C E   M O T O R   A C C E P T A N C E ) | Chapter 11 |
| CORPORATION ) | |
| ) | Adv. Pro. No. 18-03036 |
| Plaintiff, ) | |
| ) | |
| v ) | |
| ) | |
| MCCOY MOTORS, LLC, MCCOY MOTORS, ) | |
| LLC d/b/a RIDE FAST; ROBERT MCCOY, ) | |
| JR.; and MISTY MCCOY ) | |
| ) | |
| Defendants. | |

---

### NOTICE OF INTENT TO SERVE SUBPOENAS

PLEASE TAKE NOTICE that undersigned counsel for the Plaintiff, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure, hereby notifies all parties that he intends to serve the attached Subpoenas within five days from the date of service of this Notice.

Dated: December 3, 2018

**THE HENDERSON LAW FIRM**

 **/s/** James H. Henderson
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28204-2826
Telephone:     704.333.3444
Facsimile:      704.333.5003
Email:           henderson@title11.com

Exhibit E

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

WESTERN _____ District of _____ NORTH CAROLINA

In re ACE MOTOR ACCEPTANCE CORPORATION
_____
Debtor

*(Complete if issued in an adversary proceeding)*

ACE MOTOR ACCEPTANCE CORPORATION
_____
Plaintiff
v.
MCCOY MOTORS, ET. AL.
_____
Defendant

Case No. ___18-30426___

Chapter ___11___

Adv. Proc. No. ___18-3036___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Officer, Managing Agent or Managing Member, GOOGLE, LLC
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto (please contact undersigned if additional time is needed)

| PLACE | DATE AND TIME | |
|---|---|---|
| 1120 Greenwood Cliff, Charlotte, N.C. 28204 | 12/14/18 | 5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___12/03/18___

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ace Motor Acceptance Corporation , who issues or requests this subpoena, are:
1120 Greenwood Cliff, Charlotte, N.C., 28204, 704.333.3444, henderson@title11.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on

Case 18-03036   Doc 119   Filed 12/03/18   Entered 12/03/18 15:13:28   Desc Main
Document      Page 3 of 46

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: First Class and Certified Mail: Officer, Managing Agent or

Managing Member, GOOGLE, LLC; c/o Corporation Service Company; 2710 Gateway Oaks Drive, Suite 150N; Sacramento, CA 95833; C/O Custodian

of Records, 1600 Amphitheatre Parkway, Mountain View, CA 04043  on *(date)* _____ 12.3.18 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___12/03/18___

_____
*Server's signature*

James H. Henderson, attorney
_____
*Printed name and title*

1120 Greenwood Cliff, Charlotte, N.C. 28204

_____
*Server's address*

Additional information concerning attempted service, etc.:



B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A TO SUBPOENA TO GOOGLE, LLC

TO:   Google, LLC                         Google LLC
      c/o Corporation Service Company     C/O Custodian of Records
      2710 Gateway Oaks Drive, Suite 150N  1600 Amphitheatre Parkway
      Sacramento, CA 95833                Mountain View, CA 94043

### INSTRUCTIONS

This subpoena does not seek the content of communications. Unless otherwise stated, the relevant time period for the relevant Documents to be produced is from January 1, 2017 to present. If any part of this subpoena cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning that request.

### DEFINITIONS

"Communication" means any oral or written transmittal and/or receipt of facts, information, thoughts, inquiries, or opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements, and press releases .

"Document" means any document or electronically stored information within the scope of Federal Rule of Civil Procedure 34(a), including but not limited to Communications, correspondence, internal or external memoranda, letters, work papers, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, records of conversations or messages, whether in writing or upon any mechanical, electrical, or electronic recording device, e-mail and phone mail messages, tape or electronic recordings, videotapes, diaries, sketches or designs, maps, appointment or telephone records, newspaper or magazine articles, press releases, banking records and notices, bill and invoices, and information of whatever kind stored on computers, including computer disks, hard drives, and other media. In all cases where originals or non-identical copies are not available, "Documents" also means identical copies of original Documents and copies of non-identical copies.

### DOCUMENTS TO BE PRODUCED

With respect to the email address **othersidc0377@gmail.com** (the "Email Address") please provide copies of:

1.    Documents showing the user of the Email Address, including but not limited to Documents with respect to the user that provide

        a. all names, mailing and/or email addresses;
        b. telephone or instrument numbers;
        c. billing information;
        d. date of account creation;
        e. other subscriber number(s) or identity, including any temporarily assigned network

address and all other identifying information associated with the Email Address under any and all names, usernames, user Ids, aliases, identities or designations related to the Email Address.

2.      Documents showing:

a. the usage of the Email Address including but not limited to Documents that provide IP [Internet Protocol] logs; IP address information at time of registration and subsequent usage;

b. records of session dates, times and durations;

c. activity logs and/or computer usage logs;

d. location data;

e. other means of recording information concerning the Email Address or Internet usage of the Email Address; and

f. means and source of payment for such service (including any credit card or bank account number).



Exhibit
E-cont.